*968 OPINION OF THE COURT
Memorandum.
The order of the Appellate Division, should be affirmed.
Following a Huntley hearing, Supreme Court found that, subsequent to placing defendant under arrest, a detective read defendant a statement of his Miranda rights and proceeded to ask defendant a question. Defendant did not respond; rather, he asked in English if he could see the warnings in Spanish. The detective obtained a card with the Miranda warnings written in Spanish and instructed defendant to read it, record "yes” or "no” after each statement and, if he did not understand, to so indicate. Defendant wrote "yes” next to each statement, did not ask any questions and immediately proceeded to give a statement to the detective. In light of these undisturbed findings, the courts below properly held defendant implicitly waived his Miranda rights. We have previously held that a waiver may be inferred (see, People v Davis, 55 NY2d 731), and it is difficult to imagine that a defendant could implicitly manifest waiver in a manner other than cooperating with his or her interrogation, or that such cooperation could be interpreted as anything other than the defendant’s intention to waive those rights. Accordingly, where, as here, undisturbed findings have been made that a defendant clearly understands his Miranda rights and promptly after having been administered those rights willingly proceeds to make a statement or answer questions during interrogation, no other indication prior to the commencement of interrogation is necessary to support a conclusion that the defendant implicitly waived those rights (see, People v Davis, id.; North Carolina v Butler, 441 US 369; cf., People v Williams, 62 NY2d 285, 290).