■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v JOHNNIE M. GARCIA, III, Appellant. [911 NYS2d 723]—

Stein, J. Appeal from a judgment of the County Court of Chemung County (Buckley, J.), rendered July 9, 2007, upon a verdict convicting defendant of the crimes of criminal possession of a weapon in the second degree and criminal possession of a weapon in the third degree (two counts).

While on duty in a marked police car, Richard Comstock observed a light-skinned male, wearing a white sweatshirt with

dark stripes on the sleeve and a light colored hat on his head, lean out of the front passenger-side window of a minivan and fire five or six shots from a semiautomatic handgun at a Jeep, which was in front of the minivan. Comstock reported the incident and pursued the minivan. After a short distance, the minivan pulled over and a male jumped out of the front passenger-side door and fled by foot in a northwest direction across a parking lot. The minivan sped off and Comstock chose to pursue the suspect who jumped out of the van. Comstock momentarily lost sight of the suspect, but then observed him running across a parking lot in an easterly direction toward a building. The police surrounded that building and found defendant hiding in the bushes alongside the building. Comstock immediately identified defendant as the suspect who had fired the shots from and exited the minivan. Defendant was thereafter arrested and indicted on one count of criminal possession of a weapon in the second degree and two counts of criminal possession of a weapon in the third degree. After a jury trial, defendant was found guilty as charged and sentenced to an aggregate prison term of 15 years, with five years of postrelease supervision. He now appeals.

Defendant first contends that count one of the indictment, charging criminal possession of a weapon in the second degree, should be dismissed as jurisdictionally defective because it failed to allege facts constituting the cited crime. We disagree. Although count one of the indictment incorrectly cited Penal Law § 265.03 (2) as the crime of which defendant was accused, it alleged facts constituting all the elements of Penal Law § 265.03 (1) (b) and the People proceeded at all times throughout the case on the theory that defendant had committed acts in violation of Penal Law § 265.03 (1) (b). In his pretrial omnibus motion, defendant did not specifically apprise County Court of the technical defect in the indictment; had he done so, the People would have been alerted to the error, so that they could move to amend the indictment (see CPL 200.70 [1]; People v Miller, 23 AD3d 699, 701 [2005], lv denied 6 NY3d 815 [2006]). Under these circumstances, reversal of his conviction of this count is not warranted.

However, we find merit to defendant's argument that count two of the indictment, charging criminal possession of a weapon in the third degree in violation of Penal Law § 265.02 (4), should have been dismissed. Inasmuch as that subdivision was repealed prior to the date of the indictment (see L 2006, ch 742, § 1), count two was jurisdictionally defective, requiring its dismissal (see People v Bethea, 61 AD3d 1016, 1017 [2009]). As such, defendant's conviction of said count must be reversed.

With regard to defendant's pretrial motion to suppress the statements he gave to the police, Comstock testified at the *Huntley* hearing that, without asking defendant any questions, he gave him *Miranda* warnings and then advised him that an investigator would be in momentarily in order to question him. Comstock further testified that defendant was left alone for approximately 15 to 30 minutes before Investigator Richard Weed arrived. Weed testified at the *Huntley* hearing that he advised defendant before beginning his questioning that the *Miranda* rights conveyed to him by Comstock still applied. Defendant then made statements to Weed regarding the events of the evening. Despite the absence of a written waiver, defendant's conduct evinced a waiver of his right to remain silent (*see People v Sirno*, 76 NY2d 967, 968 [1990]; *People v Gill*, 20 AD3d 434, 434 [2005]; *People v Nunez*, 176 AD2d 70, 72 [1992], *affd* 80 NY2d 858 [1992]). Moreover, inasmuch as defendant remained in continuous custody, no evidence exists that he was subjected to coercive tactics and the delay between the administration of the *Miranda* warnings and the questioning was not excessive, County Court properly determined that defendant's statements were voluntary (*see People v Carelli*, 41 AD3d 1092, 1093 [2007]; *People v Gause*, 38 AD3d 999, 1000 [2007], *lv denied* 9 NY3d 865 [2007]).

Defendant's challenge to the legal sufficiency of the evidence supporting the convictions was not fully preserved, as defendant made only a general motion to dismiss at the close of the People's case and did not renew or supplement the motion upon the close of his case or the People's rebuttal (*see People v Richardson*, 55 AD3d 934, 935 n 1 [2008], *lv dismissed* 11 NY3d 857 [2008]). " 'However, we necessarily review the evidence adduced as to each of the elements of the crimes in the context of our review of defendant's challenge regarding the weight of the evidence' " (*People v Gonzalez*, 64 AD3d 1038, 1040 [2009], *lv denied* 13 NY3d 796 [2009], quoting *People v Caston*, 60 AD3d 1147, 1148-1149 [2009]). Here, as properly charged by County Court, in order to convict defendant of the charge of criminal possession of a weapon in the second degree as set forth in count one of the indictment, the People were required to prove that defendant possessed a loaded firearm with the intent to use it unlawfully against another person (*see* Penal Law § 265.03 [1] [b]). Conviction of the charge of criminal possession of a weapon in the third degree as set forth in count three of the indictment required proof that, on the date and at the location

described therein, defendant knowingly possessed a firearm and that such firearm was operable (see Penal Law § 265.02 [1]).*

At trial, Comstock testified that, from a distance of approximately 20 to 25 paces, he observed a light-skinned male, wearing a white sweatshirt with markings on the sleeve and a light colored hat, lean out of the front passenger-side window of the minivan and discharge a semiautomatic weapon at another vehicle. He further testified regarding his pursuit of defendant, after defendant—matching the description of the person who Comstock observed to be the shooter—jumped out of the passenger-side door and fled on foot. There was also testimony that, when defendant was found hiding in the bushes, he was wearing a light colored sweatshirt with stripes on the shoulders and one boot. No one else was observed in the vicinity. Defendant's other boot and a black and white hat were found nearby. In addition, a Sig Sauer P-239 9 millimeter handgun was found in the bushes 40 to 50 yards away from where defendant was apprehended and a magazine for the weapon was recovered from a nearby parking lot. Testing on the weapon demonstrated that it was operable, and shell casings and bullets recovered in the area where the crime occurred were consistent with having been fired from that gun. Although defendant proffered the testimony of the driver of the minivan that an occupant of the vehicle other than defendant was the shooter, the jury apparently refused to credit this testimony. While a different verdict would not have been unreasonable, considering the evidence in a neutral light and according deference to the jury's credibility assessments, made after an opportunity to hear the witnesses' testimony and observe their demeanor (see People v Romero, 7 NY3d 633, 644 [2006]; People v Hebert, 68 AD3d 1530, 1531 [2009], lv denied 14 NY3d 841 [2010]; People v Lane, 47 AD3d 1125, 1126 [2008], lv denied 10 NY3d 866 [2008]), we find that defendant's convictions were not against the weight of the evidence.

Defendant's contention that he was entitled to a Wade hearing is unpreserved for our review due to his failure to request such a hearing in County Court (see CPL 710.40; People v Hernandez, 44 AD3d 1072, 1072 [2007], lv denied 10 NY3d 766 [2008]). Similarly, defendant failed to preserve his claim that County Court erred in failing to charge the jury regarding the limited probative value of the evidence of flight, as he neither requested a specific charge to that effect nor objected to its absence (see People v Moyer, 75 AD3d 1004, 1005 [2010]; People

---

* The additional requirement that defendant was previously convicted of a crime was proven outside the presence of the jury.

*v Wesley*, 19 AD3d 937, 937 [2005], *lv denied* 5 NY3d 857 [2005]).

Defendant's remaining contentions, including that his sentence was harsh and excessive and that he was deprived of the effective assistance of counsel, have been considered and found to be without merit.

Rose, J.P., Lahtinen, McCarthy and Garry, JJ., concur. Ordered that the judgment is modified, on the law, by reversing so much thereof as convicted defendant of criminal possession of a weapon in the third degree under count two of the indictment; said count dismissed and the sentence imposed thereon vacated; and, as so modified, affirmed.

