Peters, P.J.
Appeal from a judgment of the County Court of Sullivan County (LaBuda, J.), rendered April 28, 2011, upon a verdict convicting defendant of the crimes of course of sexual conduct against a child in the second degree, endangering the welfare of a child (four counts) and forcible touching.
*1173 Based upon allegations that defendant had subjected two of his girlfriend’s daughters (born in 1992 and 1993) to sexual contact, State Police Investigator Nancy Stack arranged a controlled phone call by the older victim (hereinafter victim A) to defendant. During that recorded call, defendant made comments appearing to substantiate that some sexual activity had occurred between the two. Later that day, defendant agreed to accompany police to the State Police barracks and spoke with Stack. Defendant admitted that he had engaged in inappropriate sexual contact with victim A on more than one occasion, but denied having sexual intercourse with victim A or engaging in any sexual contact with her younger sister (hereinafter victim B). He also signed a written statement to that effect.
Defendant was thereafter charged in a 17-count indictment with respect to his sexual conduct with the victims. Following a Huntley hearing, County Court denied defendant’s motion to suppress his oral and written statements. At the conclusion of the ensuing jury trial, during which the victims testified and defendant’s statements were admitted into evidence, defendant was convicted of course of sexual conduct against a child in the second degree and four counts of endangering the welfare of a child related to his sexual conduct with victim A, as well as forcible touching related to his conduct with victim B, but was acquitted of the remaining charges. Sentenced to an aggregate term of five years in prison with 10 years of postrelease supervision, defendant now appeals.
We reject defendant’s assertion that his oral and written statements to police should have been suppressed because he did not knowingly and intelligently waive his Miranda rights.* Stack read defendant his Miranda rights from a printed card and defendant then asked to read the card himself. After doing so, he stated that he understood his rights and continued to speak with Stack, thereby impliedly waiving those rights (see People v Sirno, 76 NY2d 967, 968 [1990]; People v Garcia, 79 AD3d 1248, 1250 [2010], lv denied 16 NY3d 797 [2011]). Prior to taking defendant’s written statement, defendant was asked and was able to read aloud the Miranda warnings, and initialed and signed that part of the statement acknowledging that he understood his rights and was agreeing to waive them. Thus, County Court’s determination that defendant understood his rights and voluntarily waived them is amply supported by the record (see People v Sirno, 76 NY2d at 968; People v Garcia, 79 AD3d at 1250; People v Petrie, 3 AD3d 665, 666 [2004]; People v Bolar *1174 inwa, 258 AD2d 827, 829 [1999], lv denied 93 NY2d 1014 [1999]).
Nor are we persuaded by defendant’s contention that his statements were the product of coercive and deceptive interrogation practices by the police. “Police may generally engage in deception while investigating a crime, with suppression required only where ‘the deception was so fundamentally unfair as to deny due process or [where] a promise or threat was made that could induce a false confession’ ” (People v Colbert, 60 AD3d 1209, 1211 [2009], quoting People v Tarsia, 50 NY2d 1, 11 [1980]; see People v Berumen, 46 AD3d 1019, 1020-1021 [2007], lv denied 10 NY3d 808 [2008]; People v Dishaw, 30 AD3d 689, 690 [2006], lv denied 7 NY3d 787 [2006]). On more than one occasion during the interview, Stack suggested to defendant that victim A accused him of having intercourse with her despite the victim neither stating nor implying that any intercourse had occurred. However, as the tactic employed by Stack was not accompanied by any threats or promises that might induce a false confession and was not fundamentally unfair, the deception did not render defendant’s confessions involuntary (see People v Thomas, 93 AD3d 1019, 1027-1028 [2012]; People v Dishaw, 30 AD3d at 690; People v Serrano, 14 AD3d 874, 875 [2005], lv denied 4 NY3d 803 [2005]; People v Henderson, 4 AD3d 616, 617 [2004], lv denied 2 NY3d 800 [2004]).
We are similarly unconvinced that the verdict is against the weight of the evidence. At trial, victim A testified that defendant subjected her to sexual contact on numerous occasions over the course of several years and victim B recounted an incident wherein defendant entered her bedroom and groped her breasts. The People also presented the controlled call between victim A and defendant, wherein defendant made several veiled references to having sexual contact with her, as well as the audio recording of the interview and defendant’s written statement. Stack testified regarding her administration of Miranda warnings, and defendant’s waiver thereof, and the circumstances surrounding the interview and defendant’s admissions. Defendant, on the other hand, disavowed his confessions and denied ever having engaged in sexual contact with either of the victims. He testified that he was in a daze during the interview from lack of sleep, that his “mind was not there” when he was read his Miranda rights, and that he did not recall portions of the conversation he had with Stack. He testified further that he was being pressured by Stack to sign the statement, which he did not fully read, and ultimately did so because he felt he had to. Defendant’s testimony presented credibility issues that the *1175 jury reasonably resolved against him and, upon viewing the evidence in a neutral light and according deference to those credibility determinations, we are satisfied that defendant’s convictions are supported by the weight of the evidence (see People v Underdue, 89 AD3d 1132, 1133 [2011]; People v Johnson, 79 AD3d 1264, 1266 [2010], lv denied 16 NY3d 832 [2011]; People v Rosado, 36 AD3d 965, 966-967 [2007], lv denied 9 NY3d 993 [2007]).
Finally, we reject defendant’s claim that his sentence was harsh and excessive. Given the nature of the crimes, defendant’s exploitation of the position of trust he held over the victims and his failure to accept responsibility or express remorse for his actions, we find no abuse of discretion or extraordinary circumstances warranting a reduction of the sentence in the interest of justice (see People v Howard, 20 AD3d 768, 769 [2005], lv denied 5 NY3d 806 [2005]; People v Doherty, 305 AD2d 867, 868 [2003], lv denied 100 NY2d 580 [2003]; People v Miller, 226 AD2d 833, 837 [1996], lv denied 88 NY2d 939 [1996]). Defendant’s remaining contentions have not been preserved for our review.
Mercure, Rose, Lahtinen and Egan Jr., JJ., concur. Ordered that the judgment is affirmed.

 Despite the People’s assertions to the contrary, defendant’s challenges to the voluntariness of his statements are properly before us.