Egan Jr., J.
Appeal from a judgment of the County Court of St. Lawrence County (Richards, J.), rendered March 22, 2010, convicting defendant upon his plea of guilty of the crime of burglary in the third degree.
Defendant waived indictment and agreed to be prosecuted pursuant to a superior court information charging him with burglary in the third degree. Pursuant to the negotiated plea, defendant agreed to waive his right to appeal, admit his status as a second felony offender and pay an unspecified sum of restitution; in return, County Court agreed to sentence defendant to a prison term of 2 to 4 years. Insofar as is relevant here, the plea was conditioned upon defendant abstaining from the use of drugs — including marihuana — while he was released to probation supervision pending sentencing. Notably, County Court expressly advised defendant that if he violated any of the terms of his probation, the court could impose a sentence of 3V2 to 7 years in prison. After defendant tested positive for marihuana, County Court sentenced defendant as a second felony offender to 3 to 6 years in prison and ordered restitution in the amount of $27,900. This appeal by defendant ensued.
We affirm. Contrary to defendant’s assertion, the record before us makes clear that restitution indeed was part of the underlying plea agreement (compare People v McDowell, 56 AD3d 955, 956 [2008]; People v Harrington, 3 AD3d 737, 738-739 [2004]) — a finding that is in no way altered by the brief recess in the proceedings that occurred between County Court’s recitation of the terms of the plea and defendant’s subsequent acceptance thereof. To the extent that defendant takes issue with the actual amount of restitution imposed, we initially note that inasmuch as the underlying plea agreement did not specify the sum of restitution to be awarded, defendant’s challenge to the resulting restitution order is not precluded by his otherwise valid waiver of the right to appeal (see People v Planty, 85 AD3d 1317, 1318 [2011], lv denied 17 NY3d 820 [2011]; People v Thomas, 71 AD3d 1231, 1232 [2010], lv denied 14 NY3d 893 [2010]). However, defendant’s present claim — that the amount of restitution awarded lacks sufficient support in the record — is unpreserved for our review in light of his failure to request a *1103 hearing in this regard or otherwise contest the sum awarded at sentencing (see People v Planty, 85 AD3d at 1318; People v White, 84 AD3d 1641, 1642 [2011], lv denied 18 NY3d 887 [2012]; People v Thomas, 71 AD3d at 1232).
Finally, although not precluded by his waiver of the right to appeal (see People v Coffey, 77 AD3d 1202, 1203 [2010], lv denied 18 NY3d 882 [2012]), defendant’s assertion that County Court erred in imposing an enhanced sentence is lacking in merit. During the course of the plea colloquy, County Court expressly advised defendant that the use of any “illicit substances, including mari[h]uana,” would constitute a violation of his release conditions and could result in the imposition of an enhanced sentence. As defendant admittedly used marihuana approximately four days prior to sentencing, County Court’s imposition of the enhanced sentence was justified (see generally People v Bove, 64 AD3d 812, 812-813 [2009], lv denied 13 NY3d 858 [2009]). Defendant’s remaining contentions, to the extent not specifically addressed, have been examined and found to be lacking in merit.
Peters, EJ., Rose, Spain and McCarthy, JJ., concur. Ordered that the judgment is affirmed.