■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v FRANK C. LEONE JR., Appellant. [956 NYS2d 289]—

Egan Jr., J.

We affirm. Defendant's challenge to the factual sufficiency of his plea is precluded by his valid waiver of the right to appeal and, further, is unpreserved for our review absent evidence on this record that defendant moved to withdraw his plea or vacate the judgment of conviction (*see People v Flake*, 95 AD3d 1371, 1372 [2012], *lv denied* 19 NY3d 973 [2012]; *People v Planty*, 85 AD3d 1317, 1317-1318 [2011], *lv denied* 17 NY3d 820 [2011]). Although defendant's assertion that his plea was involuntary survives his waiver of appeal, this claim also is unpreserved for our review in the absence of an appropriate postallocution motion (*see People v Wicks*, 83 AD3d 1223, 1224 [2011], *lv denied* 17 NY3d 810 [2011]; *People v Thomas*, 81 AD3d 997, 998 [2011], *lv denied* 16 NY3d 900 [2011]). The narrow exception to the preservation rule has not been triggered here, as defendant did

not make any statements during the course of the plea allocution that negated an essential element of the crimes charged or otherwise called into question his guilt (*see People v White*, 96 AD3d 1299, 1300 [2012], *lv denied* 19 NY3d 1029 [2012]; *People v Klages*, 90 AD3d 1149, 1150 [2011], *lv denied* 18 NY3d 925 [2012]).

As for the issue of restitution, contrary to defendant's present claim, "the record before us makes clear that restitution indeed was part of the underlying plea agreement" (*People v Smith*, 100 AD3d 1102, 1102 [2012]). Further, although defendant's challenge to the amount of restitution actually ordered survives his otherwise valid waiver of the right to appeal because the plea agreement was silent on this point, his current challenge to the sum imposed—as well as his claim that such amount lacks sufficient support in the record—is unpreserved for our review in light of his failure to request a hearing or otherwise contest the sum imposed at the time of sentencing (*see People v Smith*, 100 AD3d at 1102-1103; *People v Vasavada*, 93 AD3d 893, 894 [2012], *lv denied* 19 NY3d 978 [2012]). Finally, "we do not require that a defendant be advised, prior to his or her plea, that the statutory surcharge is a part of the sentence" (*People v Salmans*, 49 AD3d 961, 962 [2008]). Accordingly, defendant's argument on this point must fail.

Peters, P.J., Spain, Kavanagh and McCarthy, JJ., concur. Ordered that the judgment is affirmed.