■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v ROBERT HULETT, JR., Appellant. [965 NYS2d 386]—Appeal from a

judgment of the County Court of Rensselaer County (Jacon, J.), rendered March 22, 2011, convicting defendant upon his plea of guilty of the crime of burglary in the second degree.

Defendant waived indictment and agreed to be prosecuted by a superior court information charging him with burglary in the second degree. He pleaded guilty to this crime and waived his right to appeal. The terms of the plea agreement included a requirement that defendant pay restitution to the three crime victims in amounts to be determined prior to sentencing. Defendant was thereafter sentenced, in accordance with the plea agreement, to seven years in prison, to be followed by five years of postrelease supervision. At sentencing, he was ordered to pay restitution in amounts totaling in excess of $55,000. Defendant now appeals.

Defendant's sole challenge is to the award of restitution. Preliminarily, we note that, inasmuch as the plea agreement did not specify the amount of restitution to be paid, defendant's waiver of the right to appeal does not preclude him from challenging it (*see People v Boone*, 101 AD3d 1358, 1358 [2012], *lv denied* 20 NY3d 1096 [2013]; *People v Diallo*, 88 AD3d 1152, 1153 [2011], *lv denied* 18 NY3d 993 [2012]). Nevertheless, defendant has not preserved his claim for our review given that he did not request a restitution hearing or otherwise challenge the amount of restitution ordered at the time of sentencing (*see People v Leone*, 101 AD3d 1352, 1353 [2012]; *People v Smith*, 100 AD3d 1102, 1102-1103 [2012]). Therefore, we discern no basis to disturb the judgment of conviction.

Rose, J.P., Lahtinen, Stein and McCarthy, JJ., concur. Ordered that the judgment is affirmed.