■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v JOHN COUTANT, Appellant. [974 NYS2d 191]—

Stein, J. Appeal from a judgment of the County Court of Ulster County (Williams, J.), rendered December 6, 2011, upon a verdict convicting defendant of the crime of burglary in the second degree.

In the course of a State Police investigation of an August 2007 burglary, it was discovered that DNA evidence from the burglary scene matched with defendant's DNA from a state forensic database. Two police investigators subsequently visited

defendant at a correctional facility, where he was serving a prison sentence for an unrelated conviction. Defendant was brought to a facility visiting room for questioning by the investigators. After the investigators read defendant his *Miranda* warnings, defendant agreed to speak with them and ultimately confessed to having committed the burglary. Defendant was subsequently charged with one count of burglary in the second degree and sought to suppress his statement to the police. Following a hearing, County Court denied the motion, finding, as relevant here, that defendant made his statement voluntarily after having validly waived his *Miranda* rights. A jury trial ensued and defendant was convicted as charged. Defendant was thereafter sentenced, as a second felony offender, to a prison term of 15 years, to be followed by five years of postrelease supervision. Defendant now appeals, claiming, among other things, that his statement to the police should have been suppressed and that his sentence is harsh and excessive.

As to the suppression motion, we begin with the recognition that "New York has long viewed the right to counsel as a cherished and valuable protection that must be guarded with the utmost vigilance" (*People v Lopez*, 16 NY3d 375, 380 [2011]; *see People v Ramos*, 99 NY2d 27, 32 [2002]). This right attaches in various circumstances including, as pertinent here, when a person in custody asks to speak with an attorney; once it attaches, the right cannot be waived without counsel being present (*see People v Lopez*, 16 NY3d at 375; *People v Ramos*, 99 NY2d at 32-33; *People v Dashnaw*, 85 AD3d 1389, 1390 [2011], *lv denied* 17 NY3d 815 [2011]). Here, defendant argues that the investigators ignored his requests for an attorney and impermissibly continued to question him after he invoked his right to counsel.

The investigators who questioned defendant testified at the suppression hearing that, at the outset of the interview, they identified themselves as investigators and read defendant *Miranda* warnings from a printed card, which defendant then initialed. According to the investigators, defendant indicated that he understood the warnings and agreed to speak to them. Defendant answered their questions and one investigator memorialized his statement in writing, which defendant ultimately read and signed. The investigators unequivocally testified that defendant never asked for an attorney or attempted to stop the interview. In contrast, defendant testified that, among other things, he asked for an attorney multiple times, that his requests were either denied or ignored and that he was prevented from leaving the interview room. County

Court resolved the conflicting testimony in favor of the investigators, finding them to be "forthright, candid, and honest" and, inasmuch as those findings are amply supported by the record, we accord them deference (*see People v Heesh*, 94 AD3d 1159, 1161 [2012], *lv denied* 19 NY3d 961 [2012]; *People v Judware*, 75 AD3d 841, 844 [2010], *lv denied* 15 NY3d 853 [2010]; *People v Culver*, 69 AD3d 976, 978 [2010]; *People v Kuklinski*, 24 AD3d 1036, 1036-1037 [2005], *lv denied* 7 NY3d 758, 814 [2006]).

Further, contrary to defendant's contention, the investigators were not required to ask defendant if he was represented by an attorney before questioning him. Although defendant was incarcerated at the time the investigators questioned him, inasmuch as he was serving a sentence on a prior conviction, uncounseled interrogation on the burglary charge was permissible (*see People v Bing*, 76 NY2d 331, 344 [1990]; *People v Robles*, 72 NY2d 689, 695 [1988]; *People v Colwell*, 65 NY2d 883, 885 [1985]), and there were no circumstances that would have reasonably led the investigators to believe that there were any pending matters on which he was currently represented by an attorney (*compare People v Lopez*, 16 NY3d at 377; *People v McLean*, 109 AD3d 670, 671-672 [2013]).

Defendant's claim that his sentence is harsh and excessive is also unavailing. Notwithstanding that defendant received the maximum allowable sentence, when we consider all of the circumstances, particularly defendant's extensive criminal history and his lack of remorse for his actions, we discern no extraordinary circumstances or abuse of County Court's discretion warranting modification of the sentence (*see People v Green*, 108 AD3d 782, 787 [2013], *lv denied* 21 NY3d 1074 [2013]; *People v Castellano*, 100 AD3d 1256, 1258 [2012], *lv denied* 20 NY3d 1096 [2013]).

We have examined defendant's remaining contention that he was denied the effective assistance of counsel and find it to be without merit.

Rose, J.P., McCarthy and Garry, JJ., concur. Ordered that the judgment is affirmed.