■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v JAY H. MORSE, Appellant. [975 NYS2d 496]—

Spain, J. Appeal from a judgment of the County Court of Broome County (Smith, J.), rendered March 28, 2012, convicting defendant upon his plea of guilty of the crime of forgery in the second degree.

Defendant, at all times represented by counsel, executed a waiver of indictment and pleaded guilty to one count of forgery in the second degree contained in a superior court information. This charge stemmed from defendant's conduct in October 2011 in falsely making two checks, each in the amount of $485.72. Defendant admitted that he created the checks with a computer, using the name of a fictitious business, and made them payable to an acquaintance who agreed to share the proceeds with him and who, in fact, cashed them. The plea, executed pursuant to a negotiated agreement, also satisfied a violation of probation petition (his probation related to a prior plea to grand larceny involving the same victim), as well as other pending charges for cashing false payroll checks at another business. Defendant was later sentenced, as a second felony offender, to the agreed-upon prison term of 3¹/₂ to 7 years, with surcharges. Defendant now appeals.

We affirm. Defendant's primary contention, that he was improperly sentenced as a second felony offender, is unpreserved for our review as he failed to object at sentencing (*see People v Gathers*, 106 AD3d 1333, 1333-1334 [2013], *lv denied* 21 NY3d 1073 [2013]; *People v Walton*, 101 AD3d 1489, 1490 [2012], *lv denied* 20 NY3d 1105 [2013]). In any event, the record reflects that at a post-plea appearance 12 days before sentencing, defendant was in possession of a copy of the predicate felony statement and expressly declined to controvert the allegations or to contest the legality of the conviction (*see People v Smith*, 73 NY2d 961, 962 [1989]); defendant was given an opportunity to be heard and admitted that he had been previously convicted as described in the predicate felony statement. Defendant was then adjudicated to be a second felony offender. At sentencing, defendant raised no challenge to that adjudication, to the prior conviction or to being so sentenced, and did not move to withdraw his plea. The foregoing constituted substantial compliance with the requirements of CPL 400.21 (*see People v Gathers*, 106 AD3d at 1334; *People v Glynn*, 72 AD3d 1351, 1351 [2010], *lv denied* 15 NY3d 773 [2010]). Moreover, no violation of the statute occurred attributable to County Court posing some

questions—in open court—to defense counsel rather than to defendant directly (*see People v Califano*, 84 AD3d 1504, 1506-1507 [2011], *lv denied* 17 NY3d 805 [2011]).

Finally, as the record does not reflect that defendant made any restitution in this case, the mandatory surcharge and crime victim assistance fee were properly ordered (*see People v Quinones*, 95 NY2d 349, 352 [2000]; *cf.* Penal Law § 60.35 [1] [a] [i]; [6]). The $930 in cash, of which defendant was in possession at the time of his prior arrest on grand larceny charges, which he agreed—as part of this plea—to forfeit and apply toward the substantial restitution due in that prior case, was not restitution in this case. As defendant points out, however, County Court waived the DNA fee ($50), which is not accurately reflected in the amended uniform sentence and commitment form submitted by the People on appeal, which should be amended accordingly. Defendant's remaining arguments are not meritorious.

Peters, P.J., McCarthy and Egan Jr., JJ., concur. Ordered that the judgment is affirmed, and matter remitted for entry of an amended uniform sentence and commitment form.