■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v THOMAS W. DESCHAINE, Appellant. [984 NYS2d 246]—

Peters, P.J. Appeal from a judgment of the County Court of Warren County (Hall Jr., J.), rendered September 5, 2012, convicting defendant upon his plea of guilty of the crime of attempted burglary in the second degree.

In accordance with a plea agreement, defendant pleaded guilty to a superior court information charging him with attempted burglary in the second degree and waived his right to appeal the conviction and sentence. He was sentenced, as a second felony offender, to a prison term of four years to be followed by five years of postrelease supervision. Following a restitution hearing, defendant was ordered to pay restitution and a surcharge totaling $4,069.69. Defendant now appeals.

Defendant argues that the amount of restitution is unsupported. Inasmuch as the underlying plea agreement did not specify the restitution to be awarded, this contention is not precluded by defendant's valid appeal waiver (*see People v Smith*, 100 AD3d 1102, 1102 [2012]). It is, nevertheless, without merit. One of the burglary victims testified as to the value of the items that had been stolen or damaged by defendant and his accomplice and, in many cases, that testimony was supported by receipts. Moreover, for those items that had been inherited or were gifts, the victim detailed how the value of those items was estimated by researching the prices of similar items or consulting with the individuals who had gifted the items. County Court was free to credit this evidence, which formed an adequate basis for the amount of restitution awarded (*see People v Ford*, 77 AD3d 1176, 1176-1177 [2010], *lv denied* 17 NY3d 816 [2011]; *People v Shortell*, 30 AD3d 837, 837-838 [2006]).

Defendant's further challenge to the agreed-upon sentence as harsh and excessive is precluded by his uncontested appeal waiver (*see People v Wiley*, 112 AD3d 998, 998 [2013]). Defendant also contends that he was improperly sentenced as a second felony offender. That argument is unpreserved for our review given his failure to object at sentencing and, in any event, the record demonstrates that County Court substantially complied with CPL 400.21 in imposing the sentence (*see People v Morse*, 111 AD3d 1161, 1161 [2013]).

While the underlying judgment is therefore affirmed, the parties correctly identify clerical errors in the order of restitution and the amended uniform sentence and commitment form that require correction. In particular, the amended uniform sentence and commitment form sets forth an incorrect amount of restitution. Moreover, neither that form nor the order of restitution reflect that defendant and his accomplice are jointly and severally liable for the payment of the restitution award. We thus remit so that County Court may make appropriate amendments to those documents.

Stein, Rose and Egan Jr., JJ., concur. Ordered that the judgment is affirmed, and matter remitted for entry of both an amended uniform sentence and commitment form and an amended order directing restitution and payment of surcharges.