■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v
RAYMOND C. MILLER, Appellant. [986 NYS2d 255]—

Garry, J. Appeals from a judgment of the County Court of St.
Lawrence County (Richards, J.), rendered November 15, 2011,
convicting defendant upon his plea of guilty of the crimes of
grand larceny in the fourth degree and attempted assault in the
second degree.

While subject to probation supervision, defendant removed
and discarded a GPS device from his ankle. As relevant here, he
was thereafter charged with grand larceny in the fourth degree,
upon the stated basis that the value of the device exceeded
$1,000 (see Penal Law § 155.30 [1]).[1] Defendant was returned to
custody and, while in jail, was involved in an altercation with
another inmate, resulting in a charge of assault in the second
degree. Defendant ultimately entered into a plea bargain
encompassing both crimes, pleading guilty, as a second felony
offender, to grand larceny in the fourth degree and attempted
assault in the second degree, with a commitment to concurrent
sentences of 20 to 40 months in prison on each conviction.

While awaiting sentencing, defendant was arrested on a new
offense, absconded, and was ultimately extradited from Califor-
nia. He thereafter moved to withdraw his plea, arguing, among
other things, that the indictment charging him with grand
larceny in the fourth degree was jurisdictionally defective
because it charged him with violating Penal Law § 155.30 (2)
rather than Penal Law § 155.30 (1), yet failed to allege facts
constituting that crime. County Court denied the motion and
amended the indictment to reflect the correct subsection. The
court then found that defendant had violated the plea agree-
ment by failing to comply with the conditions of his pretrial
release—which included both not engaging in criminal activity
and reporting to probation as directed—and enhanced the
sentence to consecutive prison terms of 22 to 44 months on
each conviction. Defendant was also ordered to pay $3,592.83 in
restitution. Defendant appeals.[2]

Defendant's contention that the indictment charging grand

---

1. The indictment referenced Penal Law § 155.30 (2), and the description
contained therein stated the basis corresponding to subsection (1); other
charges within the indictment were later dismissed.

2. The People concede that defendant's waivers of appeal were defective
and are, thus, unenforceable.

larceny in the fourth degree is jurisdictionally defective does not warrant reversal. The indictment alleged facts constituting the elements of Penal Law § 155.30 (1), the grand jury was charged with the law as such, and the People proceeded at all times on the theory that defendant had committed acts in violation of Penal Law § 155.30 (1), not Penal Law § 155.30 (2) (*see People v Garcia*, 79 AD3d 1248, 1249 [2010], *lv denied* 16 NY3d 797 [2011]; *People v Miller*, 23 AD3d 699, 701 [2005], *lv denied* 6 NY3d 815 [2006]).

Next, defendant's contention that County Court erred in imposing an enhanced sentence is without merit. During the plea colloquy, the court expressly advised defendant, and he acknowledged and accepted, that his failure to comply with any of the release conditions could result in a sentence of up to eight years in state prison (*see People v Davis*, 30 AD3d 893, 894 [2006], *lv denied* 7 NY3d 847 [2006]). Defendant violated the terms of his release in several respects, by failing to report to probation as required, failing to appear in the Potsdam Town Court after harassment complaints were filed there against him, and absconding to California, where he was later arrested. These violations clearly justified County Court's imposition of an enhanced sentence (*see People v Straight*, 106 AD3d 1190, 1191-1192 [2013]; *People v Smith*, 100 AD3d 1102, 1103 [2012]). Further, we do not find the sentence imposed harsh or excessive. In light of defendant's extensive 20-year criminal history, repeated parole violations, and multiple flights from the county, we discern no extraordinary circumstances or abuse of the court's discretion warranting modification of his sentence (*see People v Coutant*, 111 AD3d 981, 983 [2013]).

Finally, defendant's claim that the record does not support restitution beyond the value of the GPS device is unpreserved for our review, as defendant failed to request a hearing or otherwise contest the sum at sentencing (*see People v Bressard*, 112 AD3d 988, 989 [2013], *lv denied* 22 NY3d 1137 [2014]; *People v Smith*, 100 AD3d at 1102-1103). In any event, we find the sum imposed to be fully supported in the record.

Lahtinen, J.P., McCarthy and Egan Jr., JJ., concur. Ordered that the judgment is affirmed.

