Garry, J.
Appeals from a judgment of the County Court of St. Lawrence County (Richards, J.), rendered November 15, 2011, convicting defendant upon his plea of guilty of the crimes of grand larceny in the fourth degree and attempted assault in the second degree.
While subject to probation supervision, defendant removed and discarded a GPS device from his ankle. As relevant here, he was thereafter charged with grand larceny in the fourth degree, upon the stated basis that the value of the device exceeded $1,000 (see Penal Law § 155.30 [l]).[1] Defendant was returned to custody and, while in jail, was involved in an altercation with another inmate, resulting in a charge of assault in the second degree. Defendant ultimately entered into a plea bargain encompassing both crimes, pleading guilty, as a second felony offender, to grand larceny in the fourth degree and attempted assault in the second degree, with a commitment to concurrent sentences of 20 to 40 months in prison on each conviction.
While awaiting sentencing, defendant was arrested on a new offense, absconded, and was ultimately extradited from California. He thereafter moved to withdraw his plea, arguing, among other things, that the indictment charging him with grand larceny in the fourth degree was jurisdictionally defective because it charged him with violating Penal Law § 155.30 (2) rather than Penal Law § 155.30 (1), yet failed to allege facts constituting that crime. County Court denied the motion and amended the indictment to reflect the correct subsection. The court then found that defendant had violated the plea agreement by failing to comply with the conditions of his pretrial release—which included both not engaging in criminal activity and reporting to probation as directed—and enhanced the sentence to consecutive prison terms of 22 to 44 months on each conviction. Defendant was also ordered to pay $3,592.83 in restitution. Defendant appeals.[2]
Defendant’s contention that the indictment charging grand *1238 larceny in the fourth degree is jurisdictionally defective does not warrant reversal. The indictment alleged facts constituting the elements of Penal Law § 155.30 (1), the grand jury was charged with the law as such, and the People proceeded at all times on the theory that defendant had committed acts in violation of Penal Law § 155.30 (1), not Penal Law § 155.30 (2) (see People v Garcia, 79 AD3d 1248, 1249 [2010], lv denied 16 NY3d 797 [2011]; People v Miller, 23 AD3d 699, 701 [2005], lv denied 6 NY3d 815 [2006]).
Next, defendant’s contention that County Court erred in imposing an enhanced sentence is without merit. During the plea colloquy, the court expressly advised defendant, and he acknowledged and accepted, that his failure to comply with any of the release conditions could result in a sentence of up to eight years in state prison (see People v Davis, 30 AD3d 893, 894 [2006], lv denied 7 NY3d 847 [2006]). Defendant violated the terms of his release in several respects, by failing to report to probation as required, failing to appear in the Potsdam Town Court after harassment complaints were filed there against him, and absconding to California, where he was later arrested. These violations clearly justified County Court’s imposition of an enhanced sentence (see People v Straight, 106 AD3d 1190, 1191-1192 [2013]; People v Smith, 100 AD3d 1102, 1103 [2012]). Further, we do not find the sentence imposed harsh or excessive. In light of defendant’s extensive 20-year criminal history, repeated parole violations, and multiple flights from the county, we discern no extraordinary circumstances or abuse of the court’s discretion warranting modification of his sentence (see People v Coutant, 111 AD3d 981, 983 [2013]).
Finally, defendant’s claim that the record does not support restitution beyond the value of the GPS device is unpreserved for our review, as defendant failed to request a hearing or otherwise contest the sum at sentencing (see People v Bressard, 112 AD3d 988, 989 [2013], lv denied 22 NY3d 1137 [2014]; People v Smith, 100 AD3d at 1102-1103). In any event, we find the sum imposed to be fully supported in the record.
Lahtinen, J.P, McCarthy and Egan Jr., JJ, concur.
Ordered that the judgment is affirmed.

. The indictment referenced Penal Law § 155.30 (2), and the description contained therein stated the basis corresponding to subsection (1); other charges within the indictment were later dismissed.

. The People concede that defendant’s waivers of appeal were defective and are, thus, unenforceable.