# SUPREME COURT OF THE STATE OF NEW YORK
## *Appellate Division, Fourth Judicial Department*

1135

KA 11-01037

PRESENT: CENTRA, J.P., FAHEY, SCONIERS, WHALEN, AND DEJOSEPH, JJ.

---

THE PEOPLE OF THE STATE OF NEW YORK, RESPONDENT,

V                                                    MEMORANDUM AND ORDER

JASON LAWSON, DEFENDANT-APPELLANT.
(APPEAL NO. 7.)

---

LINDA M. CAMPBELL, SYRACUSE, FOR DEFENDANT-APPELLANT.

WILLIAM J. FITZPATRICK, DISTRICT ATTORNEY, SYRACUSE (VICTORIA M. WHITE OF COUNSEL), FOR RESPONDENT.

---

Appeal from a judgment of the Onondaga County Court (Jeffrey R. Merrill, A.J.), rendered October 5, 2010. The judgment convicted defendant, upon his plea of guilty, of burglary in the third degree.

It is hereby ORDERED that the judgment so appealed from is unanimously modified as a matter of discretion in the interest of justice and on the law by vacating the amount of restitution ordered and as modified the judgment is affirmed, and the matter is remitted to Onondaga County Court for further proceedings in accordance with the following Memorandum: In these consolidated appeals, defendant appeals from judgments convicting him upon his pleas of guilty of eight counts of burglary in the third degree (Penal Law § 140.20) and two counts of criminal mischief in the second degree (§ 145.10).

We note as an initial matter that, contrary to the People's contention, defendant's "purported waiver of the right to appeal is not valid inasmuch as County Court failed to obtain a knowing and voluntary waiver of that right at the time of the plea, and instead obtained the purported waiver at sentencing" (*People v Pieper*, 104 AD3d 1225, 1225; *see generally People v Lopez*, 6 NY3d 248, 256).

Defendant contends in appeal No. 7, inter alia, that the restitution portion of the sentence is illegal because the named victim does not qualify under the statute (*see* Penal Law § 60.27 [4] [b]), and that such contention does not require preservation. We agree with defendant that preservation is not required with respect to that contention (*see People v McCarthy*, 83 AD3d 1533, 1534-1535, *lv denied* 17 NY3d 819), but we conclude that it lacks merit (*see* § 60.27 [4] [b]).

We conclude that, to the extent that defendant contends that the amount of restitution ordered by the court is not supported by the

record "[his] claim is not properly before this Court for review because [he] did not request a hearing to determine the [proper amount of restitution] or otherwise challenge the amount of the restitution order[] during the sentencing proceeding" (*People v Butler*, 70 AD3d 1509, 1510, *lv denied* 14 NY3d 886 [internal quotation marks omitted]; *see People v Horne*, 97 NY2d 404, 414 n 3; *People v Jones*, 108 AD3d 1206, 1207, *lv denied* 22 NY3d 997; *People v Kirkland*, 105 AD3d 1337, 1338, *lv denied* 21 NY3d 1043).  We nevertheless exercise our power to review defendant's contention as a matter of discretion in the interest of justice (*see* CPL 470.15 [3] [c]).  We agree with defendant that the record "does not contain sufficient evidence to establish the amount [of restitution to be imposed]," and that the court therefore "erred in determining the amount of restitution without holding a hearing" (*People v Wright*, 288 AD2d 899, 900, *lv denied* 97 NY2d 689).  We therefore modify the judgment in appeal No. 7 by vacating the amount of restitution ordered, and we remit the matter to County Court for a hearing to determine the amount of restitution to be paid by defendant.

Finally, we note that the order of restitution was entered under the judgment in appeal No. 7 only, and that the uniform sentence and commitment sheets in each of the other appeals merely recite that restitution was ordered but "[n]ot [p]aid."  The uniform sentence and commitment sheet in appeal No. 10, however, erroneously recites that restitution was ordered in connection with the judgment giving rise to that appeal.  That uniform sentence and commitment sheet therefore must be amended by deleting the restitution amount therefrom, while retaining the "[n]ot [p]aid" designation (*see People v Deschaine*, 116 AD3d 1303, 1304, *lv denied* 23 NY3d 1019; *see generally People v Martinez*, 37 AD3d 1099, 1100, *lv denied* 8 NY3d 947).  In light of our determination, we need not address defendant's remaining contentions.

Entered:  January 2, 2015                    Frances E. Cafarell
                                             Clerk of the Court