■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v JOHN THOMAS, Appellant. [27 NYS3d 377]—

Judgment, Supreme Court, New York County (Bonnie G. Wittner, J.), rendered January 9, 2014, convicting defendant, upon his plea of guilty, of criminal possession of a controlled substance in the first degree, and sentencing him, as a second felony drug offender, to a term of 12 years, unanimously affirmed.

The court properly denied defendant's motion to suppress evidence obtained as a result of eavesdropping warrants. The detailed warrant applications established that while normal investigative procedures had yielded significant results, they had not led to the necessary evidence, and that use of the same or other noneavesdropping techniques reasonably appeared to be unlikely to succeed, counterproductive or too dangerous to employ (*see* CPL 700.15 [4]; *People v Rabb*, 16 NY3d 145, 152 [2011]).

The court properly denied defendant's motion to suppress the physical evidence recovered from his car. The intercepted phone calls, along with police observations, warranted a strong inference that a drug transaction was in progress and that defendant's car would contain drugs or related evidence. Accordingly, the police had probable cause (*see generally Brinegar v United States*, 338 US 160, 175 [1949]; *People v Bigelow*, 66 NY2d 417, 423 [1985]) to stop the car and search it under the automobile exception to the warrant requirement (*see generally People v Galak*, 81 NY2d 463, 467 [1993]).

The court also properly denied suppression of statements defendant made to police. The evidence established that defendant was aware of and understood his *Miranda* rights, and that he willingly made statements during interrogation (*see People v Sirno*, 76 NY2d 967 [1990]). Concur—Mazzarelli, J.P., Renwick, Moskowitz, Kapnick and Kahn, JJ.