Clark, J.
Appeal from a judgment of the County Court of Montgomery County (Catena, J.), rendered July 22, 2014, convicting defendant upon his plea of guilty of the crime of assault in the second degree.
Defendant waived indictment and pleaded guilty to assault *1292 in the second degree as charged in a superior court information, and also waived his right to appeal. County Court thereafter imposed the agreed-upon prison sentence of three years, followed by three years of postrelease supervision, and ordered defendant to pay one of the victims restitution in the amount of $94,307.32. Defendant now appeals, and we affirm.
Initially, we are unpersuaded by defendant’s assertion that his waiver of his right to appeal was not knowing, intelligent and voluntary. County Court explained, and defendant communicated his understanding, that, in addition to the trial-related rights that he was forfeiting by pleading guilty, he was required to waive his right to appeal under the “particular plea agreement” that he was entering into. Defendant also signed a written waiver of appeal in open court, after having been afforded an opportunity to consult with counsel as to the terms of that written waiver, which expressly stated that defendant understood that, by waiving his right to appeal, he was “giving up rights beyond those that [he gave] up by entering a guilty plea.” Accordingly, we find that defendant knowingly, voluntarily and intelligently waived his right to appeal (see People v Velazquez, 125 AD3d 1063, 1063 [2015], lv denied 25 NY3d 993 [2015]; People v Terrell, 123 AD3d 1341, 1341 [2014], lv denied 25 NY3d 953 [2015]; People v Baliraj, 101 AD3d 1175, 1176 [2012], lv denied 21 NY3d 941 [2013]). Consequently, the valid appeal waiver precludes defendant’s challenge to the sentence as harsh and excessive (see People v Belile, 137 AD3d 1460, 1461 [2016]; People v Neiles, 128 AD3d 1179, 1180 [2015]; People v Banks, 122 AD3d 953, 954 [2014], lv denied 26 NY3d 925 [2015]).
Defendant further challenges the amount of restitution awarded to one of the victims, an issue that defendant preserved by participating in the restitution hearing and contesting the amount imposed at the time of sentencing (see People v Ford, 77 AD3d 1176, 1176 [2010], lv denied 17 NY3d 816 [2011]; compare People v Hakkenberg, 142 AD3d 1251, 1252 [2016], lv denied 28 NY3d 1072 [2016]; People v Miller, 137 AD3d 1485, 1486 [2016]), and that is not precluded by the valid appeal waiver since the underlying plea agreement did not specify the amount of restitution to be awarded (see People v Brasmeister, 136 AD3d 1122, 1123 [2016], lv denied 27 NY3d 993 [2016]; People v Gardner, 129 AD3d 1386, 1388 [2015]; People v Smith, 100 AD3d 1102, 1102 [2012]). “In seeking restitution, the People bore the burden of demonstrating the amount of the victim’s out-of-pocket losses by a preponderance of the evidence. The amount gained by defendant or taken *1293 from the victim must be offset against the value of any benefit that may have been conferred upon the victim, and the People must show both components of the restitution equation, the amount taken minus the benefit conferred” (People v Decker, 139 AD3d 1113, 1117-1118 [2016] [internal quotation marks and citations omitted], lv denied 28 NY3d 928 [2016]; accord People v Johnson, 91 AD3d 1121, 1123 [2012], lv denied 18 NY3d 959 [2012]; see Penal Law § 60.27 [2]; CPL 400.30 [4]; People v Tzitzikalakis, 8 NY3d 217, 221-222 [2007]).
In our view, the evidence presented at the hearing — which included the bills that the victim received for the medical services rendered to him as a result of his injuries inflicted by defendant — was sufficient to satisfy the People’s burden of proving the victim’s out-of-pocket losses (see Penal Law § 60.27 [2], [5] [b]; People v Sherman, 91 AD3d 982, 983 [2012], lv denied 19 NY3d 867 [2012]; People v Thomas, 71 AD3d 1231, 1232 [2010], lv denied 14 NY3d 893 [2010]; People v Drew, 16 AD3d 840, 841 [2005]; People v Canada, 156 AD2d 1001, 1002 [1989], lv denied 75 NY2d 964 [1990]). Accordingly, County Court properly fixed the amount of restitution, and, as defendant has failed to contradict the People’s calculation by merely pointing to the language contained in one of the medical bills indicating an offer to settle absent payment of the demanded sum, we decline to disturb the award (see People v Decker, 139 AD3d at 1118).
McCarthy, J.P., Egan Jr., Lynch and Mulvey, JJ., concur.
Ordered that the judgment is affirmed.