People v Osborne (2018 NY Slip Op 03876)





People v Osborne


2018 NY Slip Op 03876


Decided on May 31, 2018


Appellate Division, Third Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided and Entered: May 31, 2018

108318

[*1]THE PEOPLE OF THE STATE OF NEW YORK, Respondent,
v
JAMES OSBORNE, Appellant.

Calendar Date: April 24, 2018

Before: Lynch, J.P., Devine, Mulvey, Aarons and Pritzker, JJ.


Dominic J. Cornelius, Public Defender, Hudson (Jessica Howser of counsel), for appellant.
Paul Czajka, District Attorney, Hudson (Joyce Crawford of counsel), for respondent.


Mulvey, J.

MEMORANDUM AND ORDER
Appeal from a judgment of the County Court of Columbia County (Koweek, J.), rendered March 1, 2016, convicting defendant upon his plea of guilty of the crime of grand larceny in the third degree.
Defendant, a pastor at a Baptist church, pleaded guilty to an indictment charging him with grand larceny in the third degree. County Court sentenced defendant to six months in jail and five years of probation, and, following a restitution hearing, ordered, among other things, that defendant pay restitution in the amount of $256,488.75. Defendant appeals, challenging the restitution award.
We are unpersuaded by defendant's contention that the amount of restitution ordered for the loss sustained by the church is unsupported by the record. Allene Sterritt, who became the financial secretary of the church upon defendant's resignation, testified that defendant eliminated any financial oversight by church trustees during his 18-year tenure as pastor. Following defendant's resignation as pastor, Sterritt attempted to reconcile the church's finances and noticed numerous discrepancies. Because there were no receipts or other records with regard to the church finances during defendant's tenure, an audit was undertaken with the assistance of an accounting firm, and a voluminous compilation of church checks and bank statements was compiled and analyzed for the period of 2010 through 2014. In addition to a $40,000 commercial loan, the audit also disclosed cash withdrawals and checks payable to either defendant, his wife or cash with no notation or receipts to validate a legitimate church purpose. [*2]Further, numerous payments were made to various credit card and retail establishments which, according to testimony at the hearing, were for personal expenses that would not otherwise be authorized by the church. The records reflect that other expenses paid through the church account included payments for various personal expenses, such as collection accounts and a vehicle for defendant's wife, which were for the benefit of defendant and his wife and not for the church purposes. Michael Castle, a State Police investigator who assisted with the investigation of the church finances, testified that defendant and defendant's wife admitted to misappropriating approximately $70,000 for personal expenses.
Contrary to defendant's contention, we find that County Court was free to credit the testimony and documentation presented by the People and that the loss incurred was established by a preponderance of the evidence (see People v Tzitzikalakis, 8 NY3d 217, 221 [2007]; People v Consalvo, 89 NY2d 140, 146 [1996]; People v Deschaine, 116 AD3d 1303, 1303 [2014], lv denied 23 NY3d 1019 [2014]; People v Stevens, 84 AD3d 1424, 1427 [2011], lv denied 17 NY3d 822 [2011]). The burden then shifted to defendant "to offer evidence contradicting the People's calculations" (People v Tzitzikalakis, 8 NY3d at 221 n 2; see People v Rogers, 157 AD3d 1001, 1010 [2018], lv denied 30 NY3d 1119 [2018]; People v Decker, 139 AD3d 1113, 1118 [2016], lv denied 28 NY3d 928 [2016]). This defendant failed to do. Defendant's contention that the total amount of restitution — while significant — is harsh and excessive is unpersuasive as the restitution award is limited to the monetary loss suffered by the church. In any event, we note that "defendant may apply at any time for resentencing upon the ground that he is unable to pay" (People v Fancher, 116 AD3d 1084, 1089 [2014]; see CPL 420.10 [5]).
Lynch, J.P., Devine, Aarons and Pritzker, JJ., concur.
ORDERED that the judgment is affirmed.