People v Chrysler (2023 NY Slip Op 04157)

People v Chrysler

2023 NY Slip Op 04157

Decided on August 3, 2023

Appellate Division, Third Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided and Entered:August 3, 2023

110299B
[*1]The People of the State of New York, Respondent,
v
Frank Chrysler, Appellant.

Calendar Date:June 23, 2023

Before:Garry, P.J., Clark, Aarons, Reynolds Fitzgerald and Ceresia, JJ.

Lisa A. Burgess, Indian Lake, for appellant.
P. David Soares, District Attorney, Albany (Daniel J. Young of counsel), for respondent.

Appeal from a judgment of the Supreme Court (Roger D. McDonough, J.), rendered January 12, 2018 in Albany County, convicting defendant upon his plea of guilty of the crime of grand larceny in the third degree as a hate crime.
Defendant, along with others, was charged in a 31-count indictment stemming from his involvement in a 10-month-long scheme to defraud elderly individuals. In satisfaction of the charges against him, and in exchange for a negotiated prison sentence and an order of restitution, defendant pleaded guilty to grand larceny in the third degree as a hate crime and purported to waive his right to appeal. Pursuant to the terms of the plea agreement, defendant was thereafter sentenced, as a predicate felony offender, to a prison term of 6 to 12 years and was further ordered to pay restitution in the amount of $25,000. Defendant appealed and this Court rejected counsel's Anders brief, withheld decision and assigned new counsel to represent defendant on the appeal (207 AD3d 873 [3d Dept 2022]).
We affirm. Initially, the People concede that defendant's appeal waiver is invalid. Nevertheless, even if it was valid, defendant's challenge to the amount of restitution awarded is not precluded as the underlying plea agreement did not specify the amount to be awarded (see People v Ortiz, 148 AD3d 1291, 1292 [3d Dept 2017]; People v Deschaine, 116 AD3d 1303, 1303 [3d Dept 2014], lv denied 23 NY3d 1019 [2014]). Defendant's claim that the amount of restitution awarded is unsupported by the record, however, is unpreserved for our review, as he failed to request a hearing in this regard or to object to the sum at sentencing (see People v Ortolaza, 120 AD3d 843, 844 [3d Dept 2014], lv denied 25 NY3d 991 [2015]; People v Miller, 117 AD3d 1237, 1238 [3d Dept 2014], lv denied 24 NY3d 1086 [2014]).
Garry, P.J., Clark, Aarons, Reynolds Fitzgerald and Ceresia, JJ., concur.
ORDERED that the judgment is affirmed.