■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v JASON C. DEPROSPERIS, Appellant. [17 NYS3d 315]—Appeal by the defendant from a judgment of the County Court, Westchester County (Cacace, J., at plea; Capeci, J., at sentence), rendered May 9, 2013, convicting him of grand larceny in the fourth degree, upon his plea of guilty, and imposing sentence.

Ordered that the judgment is affirmed.

The defendant contends that he did not validly waive all of his rights, including his right to appeal, because no valid consideration was given in exchange for his plea of guilty. This contention is without merit. The record reveals that the defendant pleaded guilty to the counts in the superior court information with the promise that, if he successfully completed a judicial diversion program, the felony count would be dismissed, but if he failed to successfully complete the judicial diversion program, he would be sentenced to the maximum term of imprisonment on the felony conviction. Since the defendant was given a promise with respect to sentencing in exchange for his plea of guilty, his plea of guilty and waiver of the right to appeal were supported by consideration and, thus, valid (*cf. People v Brady-Laffer*, 102 AD3d 806, 806-807 [2013]; *People v Nicelli*, 74 AD3d 1235, 1236-1237 [2010]). Furthermore, the defendant's plea of guilty was knowingly, voluntarily, and intelligently entered (*see People v Harris*, 61 NY2d 9, 17 [1983]).

The defendant's general waiver of his right to appeal, which was knowing, voluntary, and intelligent (*see People v Sanders*, 25 NY3d 337, 341-342 [2015]), encompasses his contention that the sentence imposed was excessive, since he was informed that the maximum sentence would be imposed if he failed to successfully complete the judicial diversion program (*see People v Lococo*, 92 NY2d 825, 827 [1998]; *People v Frazier*, 127 AD3d 1229, 1230 [2015]; *People v White*, 3 AD3d 543, 544 [2004]; *People v Miles*, 268 AD2d 489, 490 [2000]). Rivera, J.P., Dickerson, Maltese and LaSalle, JJ., concur.