Peters, P. J.
Appeals (1) from a judgment of the County Court of Franklin County (Main Jr., J.), rendered June 2, 2014, convicting defendant upon his plea of guilty of the crime of criminal sale of a firearm in the third degree, and (2) from a judgment of said court, rendered January 12, 2015, which resentenced defendant.
In satisfaction of a six-count indictment, defendant pleaded guilty to criminal sale of a firearm in the third degree. Pursuant to the plea agreement, County Court committed to imposing a prison sentence not to exceed seven years, to be served concurrently with the sentence imposed on a federal conviction for conspiracy to possess and distribute marihuana.* Consistent with that agreement, which included a waiver of appeal, the court sentenced defendant to a prison term of seven years with five years of postrelease supervision. The period of postrelease supervision was later reduced, upon resentencing, to three years pursuant to Penal Law § 70.45 (2) (e). Defendant now appeals from the judgments entered upon sentencing and resentencing.
*1116 Contrary to defendant’s contention, the record of the plea allocution reflects that an appeal waiver was recited up front as a condition of the plea agreement and that defendant’s waiver of appeal was knowing, voluntary and intelligent (see People v Sanders, 25 NY3d 337, 341 [2015]; People v Lopez, 6 NY3d 248, 256 [2006]). County Court explained that defendant would ordinarily retain the right to appeal any decision of the trial court, but that the plea agreement offered required that he give up that right with certain exceptions, ascertained that defendant had discussed it with counsel and understood its meaning and did not impermissibly lump this right with the other appellate rights automatically forfeited by a guilty plea (see People v Lopez, 6 NY3d at 256; People v Fishel, 128 AD3d 15, 17 [2015]). As defendant’s understanding and acceptance of the terms of the plea agreement, including the appeal waiver, are “apparent on the face of the record,” the waiver of appeal is enforceable (People v Callahan, 80 NY2d 273, 280 [1992]; see People v Sanders, 25 NY3d at 340-341). Given defendant’s valid appeal waiver, he is foreclosed from challenging the sentence as harsh and excessive (see People v Pacherille, 25 NY3d 1021, 1023-1024 [2015]; People v Lopez, 6 NY3d at 256; People v Garry, 133 AD3d 1039, 1040 [2015]).
Garry, Egan Jr., Rose and Clark, JJ., concur.
Ordered that the judgments are affirmed.

 Defendant’s federal prison sentence of 70 months was later reduced by the United States District Court for the Northern District of New York to 60 months.