*Supreme Court, Appellate Division*
*Third Judicial Department*

Decided and Entered:  June 16, 2016                    106880
_____

THE PEOPLE OF THE STATE OF
    NEW YORK,
                    Respondent,

        v                                      MEMORANDUM AND ORDER

KEON BEVERLY, Also Known as
    LIGHT,
                    Appellant.
_____

Calendar Date:  April 25, 2016

Before:  Lahtinen, J.P., Rose, Lynch, Clark and Aarons, JJ.

_____

        Aaron A. Louridas, Delmar, for appellant.

        Eric T. Schneiderman, Attorney General, New York City (Jodi
A. Danzig of counsel), for respondent.

_____

Lynch, J.

        Appeal from a judgment of the County Court of Albany County
(Breslin, J.), rendered January 11, 2011, convicting defendant
upon his plea of guilty of the crime of criminal sale of a
controlled substance in the third degree.

        As a result of an investigation into narcotics trafficking
by the Attorney General's Organized Crime Task Force, defendant
was charged in an indictment with conspiracy in the second degree
and two counts of criminal sale of a controlled substance in the
third degree.  Pursuant to a negotiated agreement, defendant
pleaded guilty to one count of criminal sale of a controlled
substance in the third degree.  He was sentenced as a second
felony offender, in accordance with the agreement, to a seven-

year prison term followed by 1½ years of postrelease supervision and now appeals.

We affirm. To begin, we find that defendant knowingly and intelligently waived his right to appeal (see People v Lopez, 6 NY3d 248, 256 [2006]; see also People v Sanders, 25 NY3d 337, 340-341 [2015]). County Court thoroughly advised defendant of the constitutional rights being forfeited upon a guilty plea (see People v Tyrell, 22 NY3d 359, 365 [2013]), and then asked whether, "separate and apart, independent of the trial rights you give up by virtue of the plea, do you understand [that] the plea bargain requires that you give up your right to appeal the conviction as well as the sentence that I will impose here?" Defendant responded in the affirmative. This colloquy confirms that defendant was duly apprised of the distinction between the rights automatically forfeited upon a plea and the additional requirement here of an appeal waiver. Given defendant's valid appeal waiver, his challenge to the severity of the sentence is foreclosed (see People v Lopez, 6 NY3d at 256; People v Clapper, 133 AD3d 1037, 1038 [2015], lv denied 27 NY3d 995 [2016]).

Defendant's claims that his guilty plea was not voluntary and that counsel failed to provide effective assistance with respect to the plea survive the appeal waiver, but were not preserved for our review by an appropriate postallocution motion, and no statements were made during the plea colloquy triggering the narrow exception to the preservation requirement (see CPL 220.60 [3]; People v Lopez, 71 NY2d 662, 665-666 [1988]; People v Pickett, 128 AD3d 1275, 1276 [2015], lv denied 26 NY3d 933 [2015]). Recognizing as much in his brief, defendant seeks to have us vacate the plea in the interest of justice (see CPL 470.15 [6] [a]). We are not persuaded to do so.

The majority of defendant's claims concern matters that are outside the record on appeal, such as what counsel discussed with or provided to him, and are more properly raised in a CPL article 440 motion (see People v Taylor, 135 AD3d 1237, 1237 [2016]). Further, a review of the plea allocution demonstrates that defendant was adequately informed of the plea terms and the rights that he was foregoing, that he understood the consequences of his plea and had sufficient time to discuss the proof against

him and possible defenses with counsel.  Defendant confirmed that he was pleading guilty of his own free will and unequivocally admitted the charged conduct.  Moreover, defendant expressed satisfaction with counsel, who negotiated a favorable plea deal to a single sale count for which defendant received a sentence well below the maximum possible consecutive sentences if he had been convicted on each of the cocaine sales (see Penal Law §§ 70.25 [3]; 70.70 [1] [b]; [3] [b] [i]).  That defendant opted to plead guilty, confirming that he had sold cocaine even though the lab test results may not have been available to him, does not compromise the viability of the plea.  As such, were these issues properly before us, we would find that they lack merit.

Lahtinen, J.P., Rose, Clark and Aarons, JJ., concur.

ORDERED that the judgment is affirmed.

ENTER:

Robert D. Mayberger
Clerk of the Court