*Supreme Court, Appellate Division*
*Third Judicial Department*

Decided and Entered:    June 30, 2016                    107160
_____

THE PEOPLE OF THE STATE OF
    NEW YORK,
                Respondent,

      v                                    MEMORANDUM AND ORDER

KYLE E. SIMON,
                Appellant.
_____

Calendar Date:    June 2, 2016

Before:    McCarthy, J.P., Garry, Lynch, Devine and Aarons, JJ.

_____

      Susan Patnode, Rural Law Center of New York, Castleton (George J. Hoffman of counsel), for appellant.

      Mary E. Rain, District Attorney, Canton (Marquetta Christy of counsel), for respondent.

_____

Aarons, J.

      Appeal from a judgment of the County Court of St. Lawrence County (Richards, J.), rendered August 12, 2014, convicting defendant upon his plea of guilty of the crime of attempted rape in the second degree.

      Defendant pleaded guilty to the reduced charge of attempted rape in the second degree and waived his right to appeal. County Court agreed to place defendant on interim probation for one year, at which point the court would consider youthful offender status and impose a sentence. Prior to the sentencing date, the Probation Department submitted a notification of violation of interim probation which, among other things, detailed various alleged violations of conditions of interim probation by

defendant, including his positive test result for alcohol use, failure to report to probation and leaving the jurisdiction without permission. Thereafter, County Court found that defendant failed to comply with all the terms of his interim probation, declined to adjudicate him a youthful offender and sentenced him to six months in jail followed by 10 years of probation. Defendant appeals.

We affirm. Contrary to defendant's contention, his waiver of the right to appeal was valid (see People v McKenzie, 136 AD3d 1120, 1121 [2016], lv denied 27 NY3d 1002 [2016]). The record reflects that County Court advised defendant that the waiver of the right to appeal was separate and distinct from those rights forfeited by his guilty plea. Furthermore, defendant acknowledged that he understood the nature of the waiver of the right to appeal, discussed its consequences with his attorney and executed a detailed written waiver in open court. As such, defendant's valid waiver of appeal precludes his contentions that County Court abused its discretion in declining to treat him as a youthful offender (see People v Roberts, 134 AD3d 1352, 1352 [2015]; People v Wright, 123 AD3d 1241, 1241 [2014]) and that the sentence imposed was harsh and excessive (see People v Brasmeister, 136 AD3d 1122, 1123 [2016], lv denied 27 NY3d 993 [2016]).

McCarthy, J.P., Garry, Lynch and Devine, JJ., concur.

ORDERED that the judgment is affirmed.

ENTER:

Robert D. Mayberger
Clerk of the Court