### Supreme Court, Appellate Division
### Third Judicial Department

Decided and Entered:  July 14, 2016                    106600
_____

THE PEOPLE OF THE STATE OF
    NEW YORK,
                    Respondent,

            v                           MEMORANDUM AND ORDER

ERIC L. GREEN,
                    Appellant.
_____


Calendar Date:  May 27, 2016

Before:  McCarthy, J.P., Rose, Devine and Aarons, JJ.

_____


        James E. Long, Public Defender, Albany (Theresa M. Suozzi of counsel), for appellant.

        P. David Soares, District Attorney, Albany (Michael C. Wetmore of counsel), for respondent.

_____


Devine, J.

        Appeal from a judgment of the County Court of Albany County (Herrick, J.), rendered August 15, 2013, convicting defendant upon his plea of guilty of the crimes of attempted murder in the second degree and robbery in the first degree.

        In satisfaction of a pending indictment charging him with multiple crimes arising from an incident wherein he stabbed a state trooper in the neck and took the trooper's radio, defendant pleaded guilty to attempted murder in the second degree and robbery in the first degree and executed a waiver of his right to appeal.  County Court agreed, as part of the plea agreement, to impose an aggregate prison sentence of 30 years to be followed by postrelease supervision of five years.  Defendant received the

agreed-upon sentence, and he now appeals.

Defendant's challenge to the validity of his appeal waiver is unavailing. County Court explained to defendant that the right to appeal was separate and distinct from those rights automatically forfeited by the plea, after which defendant stated that he understood his right to appeal and wished to waive it (see People v Sanders, 25 NY3d 337, 341 [2015]; People v Forget, 136 AD3d 1115, 1116 [2016]; People v Ramos, 135 AD3d 1234, 1235 [2016]). Defendant then reviewed a detailed written waiver with defense counsel and executed it in open court and confirmed that he understood it (see People v Bradshaw, 18 NY3d 257, 265-267 [2011]; People v Clark, 135 AD3d 1239, 1240 [2016], lv denied 27 NY3d 995 [2016]).

Defendant also argues that his guilty plea should be vacated as it was not knowingly, intelligently and voluntarily entered and, while that issue survives his appeal waiver, the record does not reflect that it is preserved for our review via an appropriate postallocution motion (see People v Love, 137 AD3d 1486, 1487 [2016]; People v Blair, 136 AD3d 1105, 1106 [2016], lvs denied ___ NY3d ___, ___ [May 10, 2016]). Upon our review of the record, we are nevertheless satisfied that the narrow exception to the preservation rule is applicable, as statements were made during the plea colloquy that "clearly cast[] significant doubt upon the defendant's guilt or otherwise call[ed] into question the voluntariness of the plea" and required further inquiry on the part of County Court (People v Lopez, 71 NY2d 662, 666 [1988]; see People v Tyrell, 22 NY3d 359, 364 [2013]; People v Mox, 20 NY3d 936, 938 [2012]).

Defense counsel advised County Court during the plea colloquy that there were significant issues regarding defendant's mental state when he attacked the trooper and that, as a result, a psychiatrist had assessed whether defendant "was unable to form the intent necessary" to commit the charged offenses (People v Mox, 20 NY3d at 938; see Penal Law § 40.15; see also Penal Law §§ 125.25 [1]; 160.00, 160.15 [3]). Defense counsel then represented that defendant had agreed to accept the proffered plea bargain because the psychiatrist opined that an insanity defense could properly be raised at trial, but that he would be

unable to testify to a reasonable degree of medical certainty that defendant "did not understand the nature and consequences of his actions or that his conduct was wrong" (see Penal Law § 40.15). County Court's response to those statements was limited to confirming that defendant had heard the representations of defense counsel, discussed those issues with him and believed that the plea agreement was "a fair resolution." The Court of Appeals has made clear, however, that "question[s] to [a] defendant verifying that he [or she] discussed that defense with his [or her] attorney and opted not to assert it" are insufficient under these circumstances (People v Mox, 20 NY3d at 939; see People v Dukes, 120 AD3d 1597, 1597-1599 [2014]). Thus, absent a further inquiry into defendant's understanding of the affirmative defense and its potential applicability by County Court, the plea "should not have been accepted by the court and must now be vacated" (People v McMillan, 129 AD3d 1113, 1114 [2015]; see People v Mox, 20 NY3d at 938-939; People v Dukes, 120 AD3d at 1597-1599).

In light of the foregoing, we need not address defendant's remaining contentions.

McCarthy, J.P., Rose and Aarons, JJ., concur.

ORDERED that the judgment is reversed, on the law, and matter remitted to the County Court of Albany County for further proceedings not inconsistent with this Court's decision.

ENTER:

Robert D. Mayberger
Clerk of the Court