*Supreme Court, Appellate Division*
*Third Judicial Department*

Decided and Entered:  February 9, 2017                108286
_____

THE PEOPLE OF THE STATE OF
    NEW YORK,
                    Respondent,

        v                                   MEMORANDUM AND ORDER

ANNA GARROW,
                    Appellant.
_____


Calendar Date:  January 10, 2017

Before:  Garry, J.P., Rose, Devine, Clark and Mulvey, JJ.

_____


        Hug Law, PLLC, Albany (Matthew C. Hug of counsel), for
appellant.

        J. Anthony Jordan, District Attorney, Ford Edward (Devin
Anderson of counsel), for respondent.

_____


Garry, J.P.

        Appeal from a judgment of the County Court of Washington
County (McKeighan, J.), rendered April 4, 2014, convicting
defendant upon her plea of guilty of the crime of criminal
possession of a controlled substance in the third degree.

        In full satisfaction of a four-count indictment, defendant
pleaded guilty to one count of criminal possession of a
controlled substance in the third degree and waived her right to
appeal.  Pursuant to the terms of the plea agreement, defendant
was promised a sentence of two years followed by two years of
postrelease supervision, upon the conditions that, among other
things, she cooperate with the People in their prosecution of her
codefendants, which included testifying truthfully and in

conformity with her statements previously made to the prosecution. County Court advised defendant that, if she failed to comply with such conditions, the court would not be bound by the sentencing agreement and could impose a term of imprisonment up to nine years. At the time of sentencing, County Court found that defendant had violated the conditions of the plea agreement and, as a result, imposed an enhanced sentence of nine years in prison, to be followed by two years of postrelease supervision. Defendant now appeals.

We affirm. Initially, we reject defendant's challenge to the validity of her appeal waiver. After discussing the trial-related rights automatically forfeited by defendant's guilty plea, County Court separately addressed the waiver of appeal, explaining that it was a condition of the plea agreement, without lumping it with those trial-related rights (see People v Toledo, 144 AD3d 1332, 1332-1333 [2016]; People v Forget, 136 AD3d 1115, 1116 [2016], lv denied 28 NY3d 929 [2016]; People v Fishel, 128 AD3d 15, 17 [2015]). Defendant affirmed that she understood the nature of the waiver of her right to appeal and then executed a detailed written waiver after reviewing it with counsel, confirmed that she had discussed the consequences of the waiver with counsel and affirmed that she was voluntarily waiving the right (see People v Toledo, 144 AD3d at 1333; People v Tole, 119 AD3d 982, 983 [2014]). Under these circumstances, we conclude that defendant's waiver of appeal was knowing, voluntary and intelligent (see People v Woods, 141 AD3d 954, 955 [2016], lv denied 28 NY3d 1076 [2016]; People v Green, 141 AD3d 837, 838 [2016]; People v Clark, 135 AD3d 1239, 1239-1240 [2016], lv denied 27 NY3d 995 [2016]).

Defendant's contention that County Court erred in imposing an enhanced sentence, although not foreclosed by her valid waiver of appeal, is unpreserved for our review as she failed to object to the enhanced sentence during sentencing and never moved to withdraw her plea (see People v Bennett, 143 AD3d 1008, 1009 [2016]; People v Rushlow, 137 AD3d 1482, 1483 [2016]). In any event, County Court's imposition of the enhanced sentence was justified, as defendant — despite having been explicitly advised of the conditions of the plea agreement and the consequences for noncompliance — violated the conditions by testifying falsely as

to her prior interactions with her codefendant and providing an account of her criminal conduct that conflicted with what she had stated to the People (see People v Bennett, 143 AD3d at 1009; People v Miller, 117 AD3d 1237, 1238 [2014], lv denied 24 NY3d 1086 [2014]; People v Smith, 100 AD3d 1102, 1103 [2012]; People v Coffey, 77 AD3d 1202, 1203-1204 [2010], lv denied 18 NY3d 882 [2012]).

Defendant's ineffective assistance of counsel claim, although expressly preserved by the written appeal waiver, lacks merit.  Defendant asserts that her trial counsel failed to request an evidentiary hearing on the issue of her compliance with the cooperation agreement, challenge the People's position that she violated the agreement or move to withdraw her guilty plea.  However, given that County Court conducted a Sirois hearing on defendant's unavailability to testify, during which sufficient evidence of defendant's breach of the plea agreement was presented, "counsel cannot be faulted for failing to pursue a potentially futile endeavor" (People v Delayo, 52 AD3d 1114, 1116 [2008], lv denied 11 NY3d 787 [2008]; see People v Caban, 5 NY3d 143, 152 [2005]; People v Russell, 143 AD3d 1188, 1190 [2016]). Further, when "viewed in totality and as of the time of the representation," defendant received meaningful representation, as counsel filed comprehensive pretrial motions and negotiated a favorable plea bargain (People v Baldi, 54 NY2d 137, 147 [1981]; see People v Harris, 139 AD3d 1244, 1246-1247 [2016], lv denied 28 NY3d 930 [2016]; People v Shurock, 83 AD3d 1342, 1344 [2011]; People v Delayo, 52 AD3d at 1116).  Finally, as defendant was advised of the maximum potential sentence for violating the conditions of the plea agreement, her challenge to the severity of the enhanced sentence is foreclosed by her valid appeal waiver (see People v Smith, 123 AD3d 1375, 1376 [2014], lv denied 26 NY3d 935 [2015]; People v Coffey, 77 AD3d at 1204; compare People v Long, 117 AD3d 1326, 1327 [2014], lv denied 24 NY3d 1003 [2014]).  Defendant's remaining contentions have been examined and found to be lacking in merit.

Rose, Devine, Clark and Mulvey, JJ., concur.


ORDERED that the judgment is affirmed.




ENTER:

Robert D. Mayberger
Clerk of the Court