■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v JOHN R. HESS, Appellant. [52 NYS3d 686]—

Devine, J. Appeal from a judgment of the County Court of St. Lawrence County (Richards, J.), rendered May 18, 2015, convicting defendant upon his plea of guilty of the crime of driving while intoxicated.

Defendant pleaded guilty to a superior court information charging him with driving while intoxicated and waived his right to appeal. He was sentenced, in accordance with the plea agreement, to five years of probation. Defendant appeals.

We are unpersuaded by defendant's contention that the waiver of the right to appeal is invalid. The record reflects that County Court adequately explained that the waiver of the right to appeal was separate and distinct from the rights forfeited by the guilty plea and defendant acknowledged that he understood the nature of the appeal waiver. In addition, defendant executed a detailed written waiver in open court after discussing its consequences with defense counsel. In view of the foregoing, defendant knowingly, voluntarily and intelligently waived his right to appeal his conviction and sentence (see People v Morgan, 142 AD3d 1253, 1253 [2016]; People v Simon, 140 AD3d 1533, 1534 [2016]). As such, the valid appeal waiver precludes defendant's challenge to the severity of the sentence (see People v White, 145 AD3d 1324, 1325 [2016]).

McCarthy, J.P., Egan Jr., Lynch and Clark, JJ., concur. Ordered that the judgment is affirmed.