■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v ANGELA J. HUTCHISON, Appellant. [54 NYS3d 879]—

Appeal from a judgment of the County Court of St. Lawrence County (Richards, J.), rendered November 2, 2015, convicting defendant upon her plea of guilty of the crimes of criminal sale of a controlled substance in the third degree and criminal possession of a controlled substance in the third degree.

Defendant pleaded guilty to criminal sale of a controlled substance in the third degree and criminal possession of a controlled substance in the third degree as charged in two separate superior court informations and waived the right to appeal. The plea agreement contemplated that, in lieu of sentencing, defendant would enter into the judicial diversion program and that, if she failed to complete the program, she could be sentenced to up to 24 years in prison and three years of postrelease supervision. Defendant later admitted to violating the conditions of the judicial diversion program with the

understanding that she would be sentenced to two concurrent prison terms of nine years. County Court instructed defendant, however, that she must follow all the rules of county jail pending sentencing, and if she violated those rules, the court would not be bound by the agreement and that she could be sentenced to up to 24 years in prison. Prior to sentencing, defendant was found to have violated jail rules. At sentencing, County Court informed defendant that, based upon the rule violations, it was no longer bound to impose the agreed-upon concurrent sentences of nine years. County Court thereafter sentenced defendant, as a second felony drug offender, to two consecutive prison terms of nine years, to be followed by three years of postrelease supervision. Defendant now appeals.

We affirm. We reject defendant's challenge to the validity of her appeal waiver. County Court explained that the right to appeal was separate and distinct from the rights forfeited by a guilty plea and informed defendant of the rights that survive the waiver. Defendant confirmed her understanding of the waiver and that she was voluntarily waiving the right to appeal (*see People v Lopez*, 6 NY3d 248, 256 [2006]; *People v Sommers*, 140 AD3d 1537, 1538 [2016], *lv denied* 28 NY3d 974 [2016]). Defendant also signed written waivers affirming that she had been given sufficient time to discuss the waiver of the right to appeal with counsel (*see People v McKenzie*, 136 AD3d 1120, 1121 [2016], *lv denied* 27 NY3d 1002 [2016]). Accordingly, we are satisfied that defendant knowingly, intelligently and voluntarily waived the right to appeal her convictions and sentence (*see People v Sanders*, 25 NY3d 337, 340-341 [2015]; *People v Lopez*, 6 NY3d at 256; *People v Beverly*, 140 AD3d 1400, 1400-1401 [2016], *lv denied* 28 NY3d 927 [2016]; *People v Murdie*, 134 AD3d 1353, 1354 [2015]). Contrary to defendant's contention, her valid appeal waiver precludes from our review her sole remaining contention on appeal, that the imposed sentence is harsh and excessive, inasmuch as she was informed that a maximum sentence of 24 years in prison could be imposed if she violated the conditions of the plea agreement (*see People v Garrow*, 147 AD3d 1160, 1162 [2017]; *People v Deprosperis*, 132 AD3d 692, 693 [2015], *lv denied* 26 NY3d 1108 [2016]; *People v Lyman*, 119 AD3d 968, 970 [2014], *lv denied* 27 NY3d 1153 [2016]).

Egan Jr., J.P., Devine, Clark, Mulvey and Aarons, JJ., concur. Ordered that the judgment is affirmed.