■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v JOSEPH A. BATEMAN, Appellant. [59 NYS3d 159]—

Appeal from a judgment of the County Court of St. Lawrence County (Richards, J.), rendered November 16, 2015, convicting defendant upon his plea of guilty of the crime of unlawful manufacture of methamphetamine in the third degree.

Defendant waived indictment and pleaded guilty to unlawful manufacture of methamphetamine in the third degree as charged in a superior court information, and waived his right to appeal. The plea agreement, which also satisfied another pending charge, provided that defendant would receive a prison term of three years with two years of postrelease supervision subject to certain conditions, including that he "comply with the jail rules." County Court specifically warned defendant that breaking the jail rules could result in an enhanced sentence of four years in prison. When defendant appeared for sentencing, the court advised the parties that it had received documents from the jail regarding defendant's violation of jail rules, including possession of contraband and testing positive for opiates, which defendant did not dispute. The court determined that defendant had violated the conditions of his plea agreement and that it was no longer bound to the promised sentence, and imposed a prison term of four years with two years of postrelease supervision, as an admitted second drug felony offender. Defendant now appeals.

We affirm. Defendant's claim that the sentence is harsh and excessive is precluded by his valid combined oral and written appeal waiver (*see People v Lopez*, 6 NY3d 248, 256 [2006]; *People v Hall*, 147 AD3d 1151, 1151-1152 [2017]). Defendant was advised that an appeal waiver was a condition of the plea agreement, and County Court provided a detailed explanation of the rights that were not waived, ascertained that defendant understood the waiver and conveyed that it was separate and distinct from the trial-related rights automatically forfeited by his guilty plea. Defendant then executed a written waiver of appeal, indicating that he had read and understood it and had no questions (*see People v Lopez*, 6 NY3d at 256; *People v Khan*, 139 AD3d 1261, 1262 [2016], *lv denied* 28 NY3d 932 [2016]). As defendant's "full appreciation of the consequences and understanding of the terms and conditions of the plea, including a waiver of the right to appeal, are apparent on the face of the record" (*People v Sanders*, 25 NY3d 337, 340 [2015] [internal quotation marks and citation omitted]), we find that his waiver of appeal was made "knowingly, intelligently and voluntarily" (*People v Lopez*, 6 NY3d at 256). Further, the court informed

defendant of the specific conditions that he had to abide by or risk enhancement of his sentence, and defendant and counsel were afforded an opportunity to contest the violations and did not dispute that defendant had received adequate warnings and had violated the conditions. Accordingly, an enhanced sentence was authorized and did not constitute an abuse of discretion (*see People v Albergotti*, 17 NY3d 748, 750 [2011]; *People v Lester*, 141 AD3d 951, 953-954 [2016], *lv denied* 28 NY3d 1185 [2017]). Given that the court advised him of the consequences of violating the conditions of his plea, defendant's challenge to the enhanced sentence as harsh and excessive is precluded by his valid appeal waiver (*see People v Gilbert*, 145 AD3d 1196, 1197 [2016], *lv denied* 28 NY3d 1184 [2017]; *People v Lester*, 141 AD3d at 954).

McCarthy, J.P., Garry, Lynch, Rose and Mulvey, JJ., concur. Ordered that the judgment is affirmed.