Rumsey, J.
 

 Appeal from a judgment of the County Court of Schenectady County (Sypniewski, J.), rendered July 31, 2015, convicting defendant upon his plea of guilty of the crime of attempted burglary in the third degree.
 

 Defendant, an army veteran, admitted to unlawfully entering a residence and taking a bottle of wine, claiming that he heard a voice telling him to do so. Following his arrest, he waived indictment and agreed to be prosecuted by a superior court information charging him with attempted burglary in the third degree. He pleaded guilty to this crime and waived his right to appeal, both orally and in writing. Under the terms of the plea agreement, he was to be sentenced to IV3 to 4 years in prison; however, if he successfully completed the alternative treatment court program, he would be sentenced to time served. Defendant successfully completed the program and was sentenced to time served. He now appeals.
 

 Defendant contends that his guilty plea was not knowing, voluntary and intelligent because he suffers from a mental illness that was a potential affirmative defense to the crime and County Court did not conduct a further inquiry to ascertain that he wished to waive this defense as part of his guilty plea. Although not precluded by his waiver of the right to appeal, the record does not disclose that defendant’s challenge to the voluntariness of his guilty plea has been preserved for our review by an appropriate postallocution motion (see People v White, 153 AD3d 1041, 1041 [2017]; People v Davis, 150 AD3d 1396, 1397 [2017]). Nevertheless, we find that the narrow exception to the preservation rule is applicable here inasmuch as defendant made statements during the plea colloquy that cast doubt on his guilt or otherwise called into question the voluntariness of the plea (see People v Lopez, 71 NY2d 662, 666 [1988]; People v Green, 141 AD3d 837, 838 [2016]).
 

 Significantly, defendant acknowledged during the plea colloquy that he had mental health problems, including post-traumatic stress disorder that caused him to experience hallucinations, that he heard a voice telling him to commit the crime at issue and that he was taking multiple medications, including Zoloft, to address his mental health problems. Although County Court observed that defendant appeared coherent and responsive during the plea proceedings, it did not ascertain if he was aware that a possible defense, emanating from his mental state at the time that he committed the crime, was available and that he was waiving it by pleading guilty. Inasmuch as an essential element of attempted burglary in the third degree is the intent to commit a crime inside a building that one has unlawfully entered (see Penal Law § 140.20), and defendant’s mental state potentially negated such intent, County Court should have conducted a further inquiry before accepting defendant’s guilty plea (see People v Mox, 20 NY3d 936, 938-939 [2012]; People v Green, 141 AD3d at 838-839; People v Wolcott, 27 AD3d 774, 775-776 [2006]). Accordingly, under the circumstances presented, we find that the guilty plea was not knowing, voluntary and intelligent and must be vacated. In view of our disposition, we need not address defendant’s remaining claim.
 

 Garry, J.P., Egan Jr., Rose and Mulvey, JJ., concur.
 

 Ordered that the judgment is reversed, on the law, and matter remitted to the County Court of Schenectady County for further proceedings not inconsistent with this Court’s decision.