Devine, J.
 

 Appeal from a judgment of the County Court of St. Lawrence County (Richards, J.), rendered February 24, 2016, convicting defendant upon his plea of guilty of the crime of attempted robbery in the third degree.
 

 In satisfaction of several pending charges, defendant pleaded guilty to a superior court information charging him with attempted robbery in the third degree and waived his right to appeal. The terms of the plea agreement included interim probation and, upon successful completion of a substance abuse treatment program, defendant was to be allowed a reduction to a misdemeanor and a sentence of probation. Following various violations of the terms of the plea agreement, defendant failed to engage in a substance abuse treatment program and ceased contacting probation, resulting in a warrant being issued for his arrest. County Court thereafter sentenced defendant to a prison term of IV3 to 4 years. Defendant appeals.
 

 We are unpersuaded by defendant’s contention that the appeal waiver is invalid. County Court ascertained that defendant understood the waiver and conveyed that the appeal waiver was separate and distinct from those rights automatically forfeited by his guilty plea. Defendant further read and confirmed that he understood the detailed written appeal waiver and had no questions, then executed it in open court. In view of the foregoing, we are satisfied that defendant knowingly, voluntarily and intelligently waived his right to appeal (see People v Bateman, 151 AD3d 1482, 1483 [2017]; People v Hutchison, 151 AD3d 1481, 1482 [2017]). Given the validity of the appeal waiver, defendant’s challenge to the sentence as harsh and excessive is precluded (see People v Lopez, 6 NY3d 248, 256 [2006]; People v Bateman, 151 AD3d at 1484; People v Simon, 140 AD3d 1533, 1534 [2016]).
 

 McCarthy, J.P., Lynch, Clark and Pritzker, JJ., concur.
 

 Ordered that the judgment is affirmed.