People v Savage (2018 NY Slip Op 00579)





People v Savage


2018 NY Slip Op 00579


Decided on February 1, 2018


Appellate Division, Third Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided and Entered: February 1, 2018

108434

[*1]THE PEOPLE OF THE STATE OF NEW YORK, Respondent,
v
TINA L. SAVAGE, Appellant.

Calendar Date: December 13, 2017

Before: McCarthy, J.P., Clark, Mulvey, Aarons and Pritzker, JJ.


Susan Patnode, Rural Law Center of New York, Castleton (Kristin A. Bluvas of counsel), for appellant.
Gary M. Pasqua, District Attorney, Canton (Matthew L. Peabody of counsel), for respondent.



MEMORANDUM AND ORDER
Appeal from a judgment of the County Court of St. Lawrence County (Champagne, J.), rendered May 2, 2016, convicting defendant upon her plea of guilty of the crime of criminal possession of a controlled substance in the third degree.
In August 2015, defendant — in full satisfaction of a two-count indictment and another uncharged drug sale — entered into a plea agreement before County Court (Richards, J.) whereby she agreed to plead guilty to criminal possession of a controlled substance in the third degree with the understanding that she would enter a judicial diversion program. If successful, defendant would be placed on interim probation for up to two years in order to earn a final sentence of five years of straight probation — with a credit for the time spent on interim probation; if unsuccessful, defendant faced a maximum prison term
of 12 years followed by three years of postrelease supervision. The plea agreement also required defendant to, among other things, waive her right to appeal. After being apprised of both the trial-related rights that she would be forfeiting and the scope of her waiver of the right to appeal, defendant executed a written waiver of appeal in open court and thereafter pleaded guilty to criminal possession of a controlled substance in the third degree. Defendant then executed the contract governing her participation in the judicial diversion program and was released to probation supervision.
Approximately two months later, defendant was charged with violating the terms and conditions of the judicial diversion program and her participation therein was terminated. By all accounts, defendant subsequently admitted to such violations, and the matter was adjourned for [*2]sentencing with the understanding that County Court would commit to imposing a prison term of six years followed by three years of postrelease supervision and would order shock incarceration. When defendant appeared before County Court (Champagne, J.) for sentencing, the court honored the prior sentencing commitment and thereafter sentenced defendant, as a second felony drug offender, to six years in prison followed by three years of postrelease supervision — together with a judicial mandate for shock incarceration. Defendant now appeals, primarily arguing that the sentence imposed was harsh and excessive.
We affirm. Initially, we reject defendant's assertion that her waiver of the right to appeal was not knowing, intelligent and voluntary. County Court (Richards, J.) explained that defendant's appellate rights were separate and distinct from the trial-related rights that she was forfeiting and expressly advised her of those appellate rights that were not encompassed by the waiver of the right to appeal. Additionally, defendant signed a detailed written waiver in open court and, in response to questioning by County Court, indicated that she had read the written waiver and understood both its contents and the appellate rights that she was relinquishing. We therefore find that defendant's combined oral and written waiver of the right to appeal was valid (see People v Hutchison, 151 AD3d 1481, 1482 [2017]; People v Tulip, 150 AD3d 1564, 1565 [2017]; People v Simon, 140 AD3d 1533, 1534 [2016]; People v Smith, 123 AD3d 1375, 1375-1376 [2014], lv denied 26 NY3d 935 [2015]). In light of defendant's valid waiver, her challenge to the severity of the sentence imposed is precluded, as she was informed of the maximum prison sentence that could be imposed should she violate the conditions of the plea agreement and fail to complete the judicial diversion program (see People v Hutchison, 151 AD3d at 1482; People v Deprosperis, 132 AD3d 692, 693 [2015], lv denied 26 NY3d 1108 [2016]; see also People v Simon, 140 AD3d at 1534).
McCarthy, J.P., Clark, Mulvey, Aarons and Pritzker, JJ., concur.
ORDERED that the judgment is affirmed.