People v Beardsley (2018 NY Slip Op 01678)





People v Beardsley


2018 NY Slip Op 01678


Decided on March 15, 2018


Appellate Division, Third Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided and Entered: March 15, 2018

108447

[*1]THE PEOPLE OF THE STATE OF NEW YORK, Respondent,
v
JAMIE R. BEARDSLEY, Appellant.

Calendar Date: January 23, 2018

Before: Garry, P.J., Lynch, Devine, Aarons and Pritzker, JJ.


Rufus Earl Burgess V, Ithaca, for appellant.
Stephen K. Cornwell Jr., District Attorney, Binghamton (Stephen Ferri of counsel), for respondent.



MEMORANDUM AND ORDER
Appeal from a judgment of the County Court of Broome County (Cawley Jr., J.), rendered March 3, 2016, convicting defendant upon his plea of guilty of the crime of burglary in the third degree.
Defendant waived indictment and agreed to plead guilty to one count of burglary in the third degree as charged in a superior court information with the understanding that he would be sentenced as a second felony offender to a prison term of 2½ to 5 years — said sentence to be served as part of the Willard Drug Treatment Program, if defendant were to be deemed eligible. Defendant was cautioned that if he was charged with any criminal conduct pending sentencing, County Court could impose an enhanced sentence of 3½ to 7 years. Defendant thereafter pleaded guilty in accordance with the terms of the plea agreement, and the matter was adjourned for sentencing. When defendant appeared for
sentencing, he requested a brief furlough. Although reluctant to grant defendant's request, County Court nonetheless did so, but not before warning defendant in no uncertain terms that he would be drug tested upon his return to court; the court then repeatedly advised defendant that if he tested positive for any substance or if he failed to appear for sentencing for any reason, it would sentence him to 3½ to 7 years in prison. Defendant assured County Court that he understood what was at stake, and the matter was adjourned. Defendant failed to appear on the scheduled date, and a warrant for his arrest thereafter was issued; when defendant ultimately was returned to court, he acknowledged that he failed to appear as required because he had smoked some marihuana and knew that his "urine was dirty." As promised, County Court imposed an enhanced prison sentence of 3½ to 7 years, prompting this appeal.
We affirm. Initially, although not addressed by the parties, the record fails to reflect that defendant either objected to the enhanced sentence imposed or moved to withdraw his plea upon that ground (see People v Rushlow, 137 AD3d 1482, 1483 [2016]). Accordingly, his challenge to the severity of the enhanced sentence has not been preserved for our review (see People v Garrow, 147 AD3d 1160, 1161-1162 [2017]; People v Wachtel, 117 AD3d 1203, 1203 [2014], lv denied 23 NY3d 1044 [2014]). Were we to address this issue, we would find that the imposition of the enhanced sentence was entirely justified, as defendant clearly was apprised of the consequences of, among other things, failing to appear at the appointed date and time (cf. People v Garrow, 147 AD3d at 1162). Stated another way, having failed to heed County Court's explicit warnings and having acknowledged that his failure to appear for sentencing as scheduled would result in the imposition of the very sentence that he ultimately received, defendant cannot now be heard to complain.
Garry, P.J., Lynch, Devine, Aarons and Pritzker, JJ., concur.
ORDERED that the judgment is affirmed.