People v Simmons (2018 NY Slip Op 02211)





People v Simmons


2018 NY Slip Op 02211


Decided on March 29, 2018


Appellate Division, Third Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided and Entered: March 29, 2018

107847

[*1]THE PEOPLE OF THE STATE OF NEW YORK, Respondent,
v
NASEIR SIMMONS, Appellant.

Calendar Date: February 15, 2018

Before: Garry, P.J., Devine, Mulvey and Aarons, JJ.


Stephen W. Herrick, Public Defender, Albany (Jessica M. Gorman of counsel), for appellant.
P. David Soares, District Attorney, Albany (Vincent Stark of counsel), for respondent.


Garry, P.J.

MEMORANDUM AND ORDER
Appeal from a judgment of the Supreme Court (Breslin, J.), rendered July 16, 2015 in Albany County, convicting defendant upon his plea of guilty of the crime of assault in the first degree.
Defendant, who was 16 when he shot the victim in the stomach with a firearm, pleaded guilty to assault in the first degree and waived his right to appeal. Supreme Court denied defendant youthful offender status and sentenced him to a prison term of 10 years, followed by five years of postrelease supervision. Defendant appeals.
We affirm. Contrary to defendant's contention, defendant's waiver of the right to appeal was valid. The record reflects that Supreme Court explained that the waiver of the right to appeal was separate from the rights forfeited by the guilty plea, and defendant indicated that he understood. Further, after being given an opportunity to confer with counsel, defendant acknowledged that he fully understood the written waiver of appeal and executed it in open court. Despite defendant's age, we find that the record reflects that he entered a knowing, voluntary and intelligent waiver of his right to appeal (see People v Lopez, 6 NY3d 248, 256-257 [2006]; People v Simon, 140 AD3d 1533, 1534 [2016]; People v Hernandez, 140 AD3d 1521, 1522 [2016], lv denied 28 NY3d 971 [2016]).
Defendant's contention that Supreme Court improperly denied him youthful offender treatment is foreclosed by the valid waiver of the right to appeal (see People v Pacherille, 25 [*2]NY3d 1021, 1023-1024 [2015]; People v Caggiano, 150 AD3d 1335, 1336 [2017], lv denied 29 NY3d 1124 [2017]; People v Fate, 117 AD3d 1327, 1329 [2014], lv denied 24 NY3d 1083 [2014]). We note that a valid appeal waiver will not preclude appellate review in the narrow instance where "a sentencing court has entirely abrogated its responsibility to determine whether an eligible youth is entitled to youthful offender status" (People v Pacherille, 25 NY3d at 1023, citing CPL 720.10 [1], [2]). Here, the court expressly denied youthful offender treatment, finding it to be inappropriate. From this record, we conclude that Supreme Court fully considered and rejected the statutory override provisions of CPL 720.10 (3) (see People v Minemier, 29 NY3d 414, 421 [2017]; compare People v Martz, 158 AD3d 991, 992-993 [2018]). To the extent that defendant contends that the sentence is harsh and excessive, such challenge is also precluded by the valid appeal waiver (see People v Lopez, 6 NY3d at 256; People v Pixley, 150 AD3d 1555, 1557 [2017], lv denied 30 NY3d 952 [2017]).
Devine, Mulvey and Aarons, JJ., concur.
ORDERED that the judgment is affirmed.