People v Mateo (2018 NY Slip Op 07802)





People v Mateo


2018 NY Slip Op 07802


Decided on November 15, 2018


Appellate Division, Third Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided and Entered: November 15, 2018

109504

[*1]THE PEOPLE OF THE STATE OF NEW YORK, Respondent,
v
EMANUEL MATEO, Appellant.

Calendar Date: October 12, 2018

Before: Garry, P.J., Devine, Clark, Aarons and Pritzker, JJ.


Carolyn B. George, Albany, for appellant.
P. David Soares, District Attorney, Albany (Vincent Stark of counsel), for respondent.



MEMORANDUM AND ORDER
Devine, J.
Appeal from a judgment of the County Court of Albany County (Carter, J.), rendered March 3, 2017, convicting defendant upon his plea of guilty of the crime of conspiracy in the second degree.
Defendant and others were charged in a multicount indictment with conspiracy in the second degree stemming from their roles in a narcotics trafficking ring. Pursuant to a plea agreement, defendant pleaded guilty to that charge and waived his right to appeal. In exchange, the People promised not to pursue additional state charges related to the conspiracy and represented that federal prosecutors had agreed not to pursue related federal charges. County Court (Herrick, J.) outlined the terms of the plea agreement, which required that defendant, among other conditions, cooperate with the Probation Department in its preparation of the presentence report and cooperate in the prosecution against the named codefendants [FN1]. The court made no sentencing promise and warned defendant that he could face a potential prison term of 8&frac13; to 25 years that could run consecutively to a prison term imposed on a Queens County matter. The court explained that defendant's ultimate sentence would depend upon whether he had been truthful and his level of cooperation.
At sentencing, the People argued that defendant should receive the maximum sentence because he had denied knowledge in his interview with the Probation Department about who was involved in the drug conspiracy and had not been truthful when called to testify at the trial of one of the codefendants. County Court (Carter, J.) reviewed the trial transcript and other relevant documents and found that defendant had not fulfilled his obligations under the plea agreement [*2]and sentenced him to a prison term of 4 to 12 years, to be served consecutively to the prison term imposed on the Queens County matter. Defendant appeals.
We affirm. Initially, we reject defendant's challenge to the validity of his waiver of appeal. During the plea allocution, County Court (Herrick, J.) explained, after advising defendant of the trial-related rights that he was automatically relinquishing by pleading guilty, that the waiver of appeal was a separate and distinct condition of his plea and would include any challenge to a sentence that was consistent with the terms of the plea agreement. Defendant also signed a written waiver of appeal after reviewing it with counsel and assuring the court that he understood it, which counsel confirmed. Accordingly, we find that defendant's combined oral and written waiver of appeal was knowing, voluntary and intelligent (see People v Sanders, 25 NY3d 337, 340-341 [2015]; People v Lopez, 6 NY3d 248, 256 [2006]; People v Chaney, 160 AD3d 1281, 1282-1283 [2018], lv denied 31 NY3d 1146 [2018]).
Inasmuch as defendant had been advised of the maximum potential sentence that could be imposed if he failed to abide by the conditions of the plea agreement, his challenge to the sentence as harsh and excessive is precluded by his valid appeal waiver (see People v Hidalgo, 91 NY2d 733, 736-737 [1998]; People v Savage, 158 AD3d 854, 855-856 [2018]; People v Hutchison, 151 AD3d 1481, 1482 [2017]). Defendant's claims that the court enhanced or otherwise failed to impose an agreed-upon sentence are incorrect, as the court made no sentencing promise but, rather, advised him of the maximum potential sentence, indicating that the ultimate sentence would be decided by the court based upon his postplea conduct (compare People v Garrow, 147 AD3d 1160, 1161-1162 [2017]). Defendant and defense counsel addressed the issues raised regarding defendant's compliance and cooperation at sentencing and did not move to withdraw the guilty plea or request an evidentiary hearing to develop the record further (see CPL 220.60 [3]). To the extent that defendant relies upon matters outside of the record on appeal, they are more properly raised in a motion pursuant to CPL article 440 (see People v Jackson, 163 AD3d 1273, 1275 [2018]).
Garry, P.J., Clark, Aarons and Pritzker, JJ., concur.
ORDERED that the judgment is affirmed.



Footnotes

Footnote 1: The cooperation agreement was not reduced to writing.