People v Horton (2018 NY Slip Op 08584)





People v Horton


2018 NY Slip Op 08584


Decided on December 13, 2018


Appellate Division, Third Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided and Entered: December 13, 2018

109566

[*1]THE PEOPLE OF THE STATE OF NEW YORK, Respondent,
v
STEVEN A. HORTON JR., Appellant.

Calendar Date: October 26, 2018

Before: Devine, J.P., Mulvey, Aarons, Rumsey and Pritzker, JJ.


Rural Law Center of New York, Castleton (Keith F. Schockmel of counsel), for appellant.
Gary M. Pasqua, District Attorney, Canton (Matthew L. Peabody of counsel), for respondent.



MEMORANDUM AND ORDER
Appeal from a judgment of the County Court of St. Lawrence County (Champagne, J.), rendered November 21, 2016, convicting defendant upon his plea of guilty of the crime of strangulation in the second degree.
In full satisfaction of a two-count indictment, defendant agreed to plead guilty to one count of strangulation in the second degree with the understanding that, although sentencing would be left to County Court's discretion, the sentence imposed would not exceed a prison term of 2½ years followed by 1½ years of postrelease supervision. The plea agreement also required defendant to waive his right to appeal and to cooperate in the prosecution of his codefendant. Following a detailed plea colloquy, defendant pleaded guilty as contemplated and thereafter was sentenced to a prison term of 2½ years followed by 1½ years of postrelease supervision. This appeal ensued.
Contrary to defendant's assertion, we find that he knowingly, intelligently and voluntarily waived his right to appeal. County Court advised defendant that the waiver of the right to appeal was separate and distinct from the trial-related rights that defendant automatically was forfeiting by pleading guilty, and defendant, who was aware that such waiver was a condition of the plea agreement, confirmed his understanding thereof (see People v Jawan, 165 AD3d 1350, 1350 [2018]; People v Selim, 164 AD3d 1576, 1576 [2018]). Additionally, defendant executed a written waiver in open court, wherein he expressly waived his right to challenge the sentence imposed as harsh and excessive and, in response to County Court's inquiries, indicated that he had read the written waiver, understood it contents, had no questions relative thereto and had been afforded sufficient time to confer with counsel (see People v McDonald, 165 AD3d 1327, 1327-1328 [2018]; People v Gilliam, 162 AD3d 1413, 1414 [2018], lv denied ___ NY3d ___ [Oct. 3, 2018]; People v Brothers, 155 AD3d 1257, 1258 [2017]). Under these circumstances, we find that defendant validly waived his right to appeal (see People v Adams, 165 AD3d 1343, 1344 [2018]; People v Tucker, 161 AD3d 1481, 1482 [2018], lv [*2]denied 31 NY3d 1153 [2018]). Given the valid waiver, defendant's challenge to the severity of the sentence imposed is precluded (see People v Selim, 164 AD3d at 1576; People v Sharpe, 159 AD3d 1192, 1193 [2018], lv denied 31 NY3d 1121 [2018]).
Devine, J.P., Mulvey, Aarons, Rumsey and Pritzker, JJ., concur.
ORDERED that the judgment is affirmed.