People v Freeman (2019 NY Slip Op 00931)





People v Freeman


2019 NY Slip Op 00931


Decided on February 7, 2019


Appellate Division, Third Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided and Entered: February 7, 2019

108726

[*1]THE PEOPLE OF THE STATE OF NEW YORK, Respondent,
v
WILLIAM FREEMAN, Appellant.

Calendar Date: January 9, 2019

Before: Egan Jr., J.P., Clark, Mulvey, Devine and Rumsey, JJ.


Salvatore Adamo, Albany, for appellant.
P. David Soares, District Attorney, Albany (Vincent Stark of counsel), for respondent.



MEMORANDUM AND ORDER
Clark, J.
Appeal from a judgment of the Supreme Court (McDonough, J.), rendered August 12, 2016 in Albany County, convicting defendant upon his plea of guilty of the crime of criminal possession of a controlled substance in the third degree.
In full satisfaction of a two-count indictment, defendant agreed to plead guilty to one count of criminal possession of a controlled substance in the third degree. The plea agreement required defendant to waive his right to appeal, and defendant's sentencing exposure — the parameters of which were fully explained to defendant — was contingent upon whether he was determined to be a predicate felon. Following a detailed plea colloquy, defendant pleaded guilty as contemplated and was released on his own recognizance pending sentencing. Supreme Court subsequently sentenced defendant as a second felony offender to a prison term of four years followed by three years of postrelease supervision. This appeal ensued.
Contrary to defendant's assertion, we find that his waiver of the right to appeal was valid. Supreme Court explained the separate and distinct nature of the waiver, distinguished defendant's right to appeal from the trial-related rights that he was forfeiting by pleading guilty and expressly advised defendant that the waiver encompassed any challenge to the sentence imposed as harsh or excessive (see People v Mateo, 166 AD3d 1246, 1247 [2018]; People v Nieves, 163 AD3d 1359, 1359 [2018], lv denied 32 NY3d 1006 [2018]; People v Williams, 163 AD3d 1172, 1172 [2018], lv denied 32 NY3d 1009 [2018]). Additionally, defendant executed a written waiver of appeal in open court, advised the court that he had read the waiver and confirmed his understanding thereof (see People v Tucker, 161 AD3d 1481, 1482 [2018], lv denied 31 NY3d 1153 [2018]; People v Smith, 155 AD3d 1244, 1245 [2017]). Under these circumstances, we are satisfied that defendant knowingly, intelligently and voluntarily waived his right to appeal (see People v Tucker, 161 AD3d at 1482; People v Brothers, 155 AD3d 1257, 1258 [2017]). Given the valid appeal waiver, defendant's challenge to the perceived severity of [*2]his sentence is precluded (see People v Nieves, 163 AD3d at 1360; People v Sharpe, 159 AD3d 1192, 1193 [2018], lv denied 31 NY3d 1121 [2018]).
As for defendant's remaining arguments, although his challenge to the voluntariness of his plea survives the valid appeal waiver, this argument is unpreserved for our review in the absence of an appropriate postallocution motion (see People v Muller, 166 AD3d 1240, 1241 [2018]; People v Kindred, 166 AD3d 1229, 1230 [2018]; People v Williams, 163 AD3d 1172, 1173 [2018], lv denied 32 NY3d 1009 [2018]). Defendant's related ineffective assistance of counsel claim — to the extent that it impacts upon the voluntariness of his plea — also survives but is similarly unpreserved (see People v Letohic, 166 AD3d 1223, 1223-1224 [2018]; People v Monforte, 166 AD3d 1222, 1223 [2018]; People v Jawan, 165 AD3d 1350, 1351 [2018]). Further, the record reflects that defendant did not make any statements during the course of his plea colloquy that negated an element of the charged crime, were inconsistent with his guilt or otherwise called into question the voluntariness of his plea and, therefore, the narrow exception to the preservation requirement was not triggered (see People v Horton, 166 AD3d 1226, 1227 [2018]; People v Cherry, 166 AD3d 1220, 1222 [2018]; People v Buck, 136 AD3d 1117, 1118 [2016]). Accordingly, the judgment of conviction is affirmed.
Egan Jr., J.P., Mulvey, Devine and Rumsey, JJ., concur.
ORDERED that the judgment is affirmed.